ROB BONTA
Attorney General of California
MARK BECKINGTON
Supervising Deputy Attorney General
ROBERT L. MEYERHOFF
Deputy Attorney General
State Bar No. 298196
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013-1230
  Telephone:  (213) 269-6177
  Fax:  (916) 731-2144
  E-mail:  Robert.Meyerhoff@doj.ca.gov
*Attorneys for Defendants Rob Bonta in his official capacity as Attorney General of the State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

CIVIL DIVISION

| | |
|---|---|
| **SOUTH BAY ROD & GUN CLUB, INC., et al.,**<br><br>                        Plaintiffs,<br><br>  v.<br><br>**ROBERT BONTA, et al.,**<br><br>                       Defendants. | Case No. 3:22-cv-01461-JO-WVG<br><br>**DEFENDANT'S SPECIAL APPEARANCE AND OBJECTION TO NOTICE OF RELATED CASE**<br><br>Courtroom:  4C<br>Judge:        Hon. Jinsook Ohta<br><br>Action Filed:  September 28, 2022 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Defendant Rob Bonta, in his official capacity as the Attorney General of the State of California, hereby specially appears to object to the Notice of Related Case filed in his action. Dkt. 3.[1]

The Notice of Related Case identifies *Duncan v. Bonta*, No. 17-cv-1017-BEN-JLB (S.D. Cal.), *Rhode v. Bonta*, No. 18-cv-00802-BEN-JLB, and *Miller v. Becerra*, No. 19-cv-01537-BEN-JLB (S.D. Cal.) as "potentially related cases" to this one. Dkt. 3 at 2. They are not. Under Local Civil Rule 40.1(g), an action may be related to another action where both actions involve (i) "some of the same parties and are based on the same or similar claims," (ii) the same "property, transaction, patent, trademark, or event," or (iii) "substantially the same facts and the same questions of law." *Id*. Actions involve the same or similar "claims" where they arise out of the same nucleus of operative facts. *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001) (noting that claims are sufficiently similar for res judicata purposes where they "arise out of the same transactional nucleus of facts").

This action has been brought by some of the same plaintiffs in two (but not all three) of the "potentially related" actions, *see* Dkt. 3 at 2, and are brought against the same defendant as in the three prior actions (*i.e.*, the Attorney General), *id*. at 3. But the similarities end there. Plaintiffs' claims in this case do not "result" from their claims in the *Duncan*, *Rhode*, and *Miller* actions, which are principally Second Amendment challenges to California's restrictions on large-capacity magazines, its regulations on ammunition sales, and its Assault Weapons Control Act, respectively. Instead, Plaintiffs here assert claims under the Bill of Attainder doctrine, the First Amendment, the Due Process Clause, the Equal Protection Clause, the Supremacy Clause, the void for vagueness doctrine, and the All Writs Act challenging a fee-

---

[1] Defendant has not yet been served with a copy of the summons and complaint (Dkt. 1). Defendant specially appears at this time for the limited purpose of asserting their objection to the Notice of Related Case.

shifting provision contained in Senate Bill 1327 (Stats. 2022, ch. 146 § 2), a newly enacted statute adding section 1021.11 to the California Code of Civil Procedure, which will not become effective until January 1, 2023.

 Judicial resolution of the *Duncan*, *Rhode*, and *Miller* actions will involve consideration of different legislative records and different facts than those at issue here.  This action does not involve the same or similar claims, the same property, transaction or event, or substantially the same facts and legal questions as were presented in the *Duncan*, *Rhode*, and *Miller* actions.  Other arguments raised by Plaintiffs in support of their assertion that these prior actions are "potentially related" to this case (*e.g.,* that Plaintiffs' counsel in this case also represent plaintiffs in *Duncan* and *Rhode* (Dkt. 3 at 2), and that the issues raised by this case will impact the litigation strategy of the plaintiffs in the *Rhode* case (*id*.)) are irrelevant under Local Civil Rule 40.1(g) in the determining whether cases are "related."  Accordingly, Plaintiffs fail to satisfy any of the requirements for relatedness enumerated in Local Civil Rule 40.1(g).  The constitutionality of section 1021.11 may be assessed independently of these prior actions, and the interests of judicial economy would not be served by deeming the instant action as related to that case.

 Random assignment of cases guarantees "fair and equal distribution of cases to all judges, avoids public perception or appearance of favoritism in assignments, and reduces opportunities for judge-shopping." *J&K Prods., LLC v. Small Bus. Admin.*, --- F. Supp. 3d ---, 2022 WL 703835, at *1 (D.D.C. Mar. 9, 2022) (finding that the case plaintiff identified as related was in fact not related to two prior actions); *see also UCP Int'l Co. Ltd. v. Balsam Brands Inc.,* 261 F. Supp. 3d 1056, 1060 (N.D. Cal. 2017) ("Our random-assignment process aims to ensure the integrity of the judicial system and is taken quite seriously by our judges, to eliminate any hint of the appearance of judge- or case-shopping."). Particularly when weighed against these important concerns, Plaintiffs' failure to satisfy any of the requirements of Local Rule

1 | 40.1(g) weighs strongly against a finding that this action is related to the prior actions
2 | Plaintiffs identify.
3 |     For these reasons, Defendants respectfully object to the Notice of Related Case
4 | filed in this action.  Dkt. 3.

Dated:  September 29, 2022

Respectfully submitted,

ROB BONTA
Attorney General of California
MARK BECKINGTON
Supervising Deputy Attorney General


/s/ Robert L. Meyerhoff
ROBERT L. MEYERHOFF
Deputy Attorney General

*Attorneys for Defendant Rob Bonta in his Official Capacity as Attorney General of the State of California*