C. D. Michel – SBN 144258
cmichel@michellawyers.com
Joshua Robert Dale – SBN 209942
jdale@michellawyers.com
Konstadinos T. Moros – SBN 306610
kmoros@michellawyers.com
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Blvd., Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Facsimile: (562) 216-4445
www.michellawyers.com

Attorneys for Plaintiffs South Bay Rod & Gun Club, Inc. Gary Brennan, Cory Henry, Patrick Lovette, Virginia Duncan, Randy Ricks, Gun Owners of California, Second Amendment Law Center, and California Rifle and Pistol Association, Incorporated

Donald Kilmer-SBN 179986
Law Offices of Donald Kilmer, APC
14085 Silver Ridge Road
Caldwell, Idaho 83607
Telephone: (408) 264-8489
Email: Don@DKLawOffice.com

Attorneys for Plaintiff Citizens Committee for the Right to Keep and Bear Arms

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUTH BAY ROD & GUN CLUB, INC.; GARY BRENNAN, an individual; CORY HENRY, an individual; PATRICK LOVETTE, an individual; VIRGINIA DUNCAN, an individual; RANDY RICKS, an individual; CITIZENS COMMITTEE FOR THE RIGHT TO KEEP AND BEAR ARMS; GUN OWNERS OF CALIFORNIA; SECOND AMENDMENT LAW CENTER; and CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT BONTA, in his official capacity as Attorney General of the State of California; and DOES 1-10,<br><br>Defendants. | **CASE NO: 3:22-cv-01461-RBM-WVG**<br><br>**DECLARATION OF BILL ORTIZ IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>DATE: November 21, 2022<br>COURTROOM: 5B |

1

DECLARATION OF BILL ORTIZ ISO PLS.' MOT. PRELIM. INJ.

3:22-cv-01461-RBM-WVG

## DECLARATION OF BILL ORTIZ

1. I, Bill Ortiz, make this declaration of my own personal knowledge and, if called as a witness, I could and would testify competently to the truth of the matters set forth herein.

2. I am Vice President of Compliance for Turner's Outdoorsman ("Turner's"), whose corporate officers are located at Rancho Cucamonga, California.

3. Turner's was originally founded as Andrews Sporting Goods in 1971. Over the 50 years it has been in business, Turner's has become one of the largest and most well-recognized licensed firearm dealers in California.

4. Currently, Turner's has 33 retail store locations in California, including several in the San Diego County area, all of which are California licensed firearm dealers engaging in the business of selling firearms and ammunition.

5. Turner's has been involved in Second Amendment-related litigation in the past, and would consider participating in litigation again. We were approached by CRPA's counsel about being additional Plaintiffs in the recently filed *Boland v. Bonta*, a case challenging California's handgun roster which has unconstitutionally blocked the sale of modern semiautomatic pistols in this state. Turner's would have seriously considered being a Plaintiff in that matter but for the recently enacted Code of Civil Procedure section 1021.11.

6. Section 1021.11 appears to make Turner's (and other Plaintiffs and their counsel) liable for the State's attorney's fees and costs in any gun-related lawsuit where Turner's does not prevail on <u>all</u> of its claims. Having to pay attorney's fees to the State as a consequence of challenging the constitutionality of the handgun roster would constitute a significant financial burden to Turner's, considering such litigation can go on for years and the fees claimed by the State for litigating a gun law challenge over a period of years would likely exceed hundreds of thousands of dollars if not a million dollars.

7.  Even if Turner's could afford such an expense, it cannot plan for it. While Turner's wouldn't mind budgeting funds for litigation if it decides to participate in lawsuits, it can't possibly budget for the State's legal expenses, as the State doesn't generally make those known to Plaintiffs suing them. Turner's therefore cannot even consider participating as a Plaintiff in *Boland v. Bonta* or any other gun-related litigation in California, including this litigation, until Section 1021.11 is enjoined or struck down.

8.  This is not a decision Turner's takes lightly, as our company is very committed to the Second Amendment. But Turner's leadership also has a fiduciary duty to its owners and stakeholders to not make financially reckless moves, and putting the company's financial wellbeing in jeopardy by making it potentially liable for hundreds of thousands or millions of dollars in legal expenses would be reckless.

9.  Unfortunately, Turner's ability to access the court system in California to redress its Second Amendment-related grievances is effectively nonexistent due to Section 1021.11.

10. We fully support Plaintiffs' motion for preliminary injunction and hope it succeeds in enjoining Section 1021.11 statewide, which would also restore our company's right to participate in Second Amendment-related lawsuits.

I declare under penalty of perjury of the laws of the State of California and the United States that the foregoing is true and correct.

Executed on October 17, 2022

_____
Bill Ortiz, declarant