C. D. Michel – SBN 144258
cmichel@michellawyers.com
Joshua Robert Dale – SBN 209942
jdale@michellawyers.com
Konstadinos T. Moros – SBN 306610
kmoros@michellawyers.com
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Blvd., Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Facsimile: (562) 216-4445
www.michellawyers.com

Attorneys for Plaintiffs South Bay Rod & Gun Club, Inc. Gary Brennan, Cory Henry, Patrick Lovette, Virginia Duncan, Randy Ricks, Gun Owners of California, Second Amendment Law Center, and California Rifle and Pistol Association, Incorporated

Donald Kilmer-SBN 179986
Law Offices of Donald Kilmer, APC
14085 Silver Ridge Road
Caldwell, Idaho 83607
Telephone: (408) 264-8489
Email: Don@DKLawOffice.com

Attorneys for Plaintiff Citizens Committee for the Right to Keep and Bear Arms

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SOUTH BAY ROD & GUN CLUB, INC.; GARY BRENNAN, an individual; CORY HENRY, an individual; PATRICK LOVETTE, an individual; VIRGINIA DUNCAN, an individual; RANDY RICKS, an individual; CITIZENS COMMITTEE FOR THE RIGHT TO KEEP AND BEAR ARMS; GUN OWNERS OF CALIFORNIA; SECOND AMENDMENT LAW CENTER; and CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED,<br><br>Plaintiffs,<br><br>v.<br><br>ROB BONTA, in his official capacity as Attorney General of the State of California; and DOES 1-10,<br><br>Defendants. | **CASE NO: 22-cv-01461-BEN-JLB**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

1
POINTS & AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION

## INTRODUCTION

Good cause exists to shorten time to hear Plaintiffs' Motion for Preliminary Injunction. This motion must be heard urgently because Plaintiffs' current and upcoming litigation is effectively all on hold until California Code of Civil Procedure section 1021.11 is enjoined. Individual Plaintiffs are considering dropping out of their pending litigation out of fear of being ordered to pay the State's legal expenses for cases in which they have been participants for years.

Further, this case has now been related to another matter challenging the very same law, *Miller v. Bonta*, Case No. 3:22-cv-01446-BEN-JLB, filed in the Southern District of California on September 26, 2022. ("*Miller II*"). The plaintiffs in that matter have filed a motion for preliminary injunction as well, with a hearing set for November 14, 2022 at 10:30 A.M. Given both matters deal with challenges to the same law and that there is significant overlap in the arguments made in plaintiffs' respective motions, it would be sensible for all parties to attend the same motion hearing and would likely serve judicial economy as well. Plaintiffs request that this Court move their hearing date to the same time as *Miller II*.

Counsel for the *Miller II* plaintiffs have confirmed they do not oppose this application so long as their own hearing date is not delayed, and so long as their motion be heard first on November 14th.

The Attorney General, through his counsel, has informed Plaintiffs he would support having both motions heard on November 21, 2022, but not November 14, 2022, because he would have less time to oppose the additional claims made in this matter. Yet having a shortened time to oppose Plaintiffs' motion is very unlikely to make any difference here. The legislative history behind Section 1021.11 shows that both the State Assembly and the Senate knew it was unconstitutional when they passed it, and the Attorney General himself signed onto an amicus brief arguing a similar provision in Texas law was unconstitutional. Section 1021.11 is so beyond the pale that there is no serious contention to be made that it can pass constitutional

muster. This Court should not continue to let it do anymore damage than it already has.[1]

## FACTUAL BACKGROUND

In this matter, Plaintiffs are entities and individuals who face severe threats to their financial wellbeing as well as their constitutional rights due to Section 1021.11. Each of the Plaintiffs has submitted declarations in support of the motion for preliminary injunction that illustrate how Section 1021.11 harms them or the association or organization they represent.

Section 1021.11 was enacted as part of California's Senate Bill ("SB") 1327, cynically copying Texas's SB 8 law on abortion. California essentially copied SB 8 word-for-word but substituted in the word "firearms" everywhere that "abortion" was mentioned. Section 1021.11 commands that "notwithstanding any other law" (thus including even federal laws), "any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing any statute, ordinance, rule, regulation, or any other type of law that regulates or restricts firearms, or that represents any litigant seeking that relief, is jointly and severally liable to pay the attorney's fees and costs of the prevailing party."

Under the plain language of Section 1021.11, if anyone seeks to challenge a state or local law in California related to firearms, they and their attorneys must be willing to bear the cost of the government's attorney's fees if they are not the prevailing party. And to be the "prevailing party" as defined under Section 1021.11, they must prevail on all claims. Under Section 1021.11(b), if the government

---

[1] If the hearing is set for November 14 as they request herein, to mitigate any prejudice to Defendant, Plaintiffs would support giving Defendant two additional days to oppose their motion beyond what the typical rules allow, such that his opposition is due on November 2 (instead of October 31). Plaintiffs' reply would still be due on November 7.

defendant prevails on *even a single cause of action*—even if a plaintiff gets the law they are challenging enjoined or overturned on other causes of action—the plaintiff is not the prevailing party and plaintiff and their attorney must pay the government's attorney's fees and costs.

Under Section 1021.11, fees do not even need to be obtained in the immediate matter. Under subdivision (c), the government has three years to bring a separate civil action to recover fees and costs. What's more, if Plaintiffs and their attorneys are sued in such a civil action, under subdivision (d)(2) fees and costs not being granted to defendants in the original matter are *not a defense* to the subsequent civil matter, in violation of basic principles of *res judicata*, collateral estoppel, and federal Supremacy. Defendants could have this Court deny with finality a request for attorney's fees, yet nonetheless sue Plaintiffs and their attorneys in a state civil action up to three years later to try and retrieve them in that forum, as though this Court's ruling and judgment on the fees issue was a nullity or merely advisory.

Additionally, in an outrageous act of contempt for the rule of law and our federal system, Section 1021.11(d)(3) declares that the "court in the underlying action [holding] that any provision of [Section 1021.11] is invalid, unconstitutional, or preempted by federal law" is not enough to bar the subsequent civil action for attorney's fees and costs.

Section 1021.11 is an existential threat for the associational Plaintiffs. SBRGC, CRPA, GOC, and CCRKBA serve as Plaintiffs in many Second Amendment-related lawsuits on behalf of their thousands of members. Critically, they also pay for the expenses of such litigation. If Section 1021.11 is allowed to impact the parties' liability for attorney's fees and costs in those matters, their ability to petition courts to resolve their grievances would be chilled, if not entirely eliminated. The risk of losing on even a single claim and then having to pay the State's attorney's fees and costs would be too great a burden to risk. They also may

struggle to find attorneys willing to challenge gun laws, given attorneys are also jointly liable for the government's fee bills under Section 1021.11.

Section 1021.11 takes effect January 1, 2023, but is retrospective, applying to any lawsuit that that was pending at any point in the three years prior to enactment of the law. That means that firearms laws being currently litigated—including by these Plaintiffs[2] in other matters in front of this District and others—and which were filed well before SB 1327 was first proposed, are currently being burdened by the law. Unsurprisingly, Section 1021.11 is unconstitutional for a number of reasons.

## PROCEDURAL BACKGROUND

Plaintiffs filed their complaint on September 28, 2022, just two days after the plaintiffs in the *Miller II* matter filed their own complaint. This matter was initially assigned to the Honorable Jinsook Ohta. Knowing of the existence of *Miller II*, Plaintiffs filed a Notice of Related Case alongside their complaint. ECF No. 3. No immediate action was taken on that notice.

Then, on October 14, 2022, Judge Ohta recused herself from the matter, and it was reassigned to the Honorable Ruth Bermudez Montenegro. ECF No. 9. On October 17, 2022, Plaintiffs filed a Renewed Notice of Related Case as well as their

---

[2] Plaintiffs are involved in other cases as follows:
- Plaintiffs Brennan, Henry, Ricks, and CRPA are also Plaintiffs in *Rhode v. Bonta*, Case No. 3:18-cv-00802-BEN-JLB filed in the Southern District.
- Plaintiffs Duncan, Lovette, and CRPA are also Plaintiffs in *Duncan v. Bonta*, Case No. 17-cv-1017-BEN-JLB filed in the Southern District.
- Plaintiffs South Bay Rod & Gun Club and CRPA are also Plaintiffs in *B&L Prods. v. Newsom*, Case No. 21-cv-01718-AJB-KSC filed in the Southern District.
- Plaintiff Citizen's Committee for the Right to Keep and Bear Arms is also a Plaintiff in *Renna v. Bonta*, Case No. 20-cv-2190-DMS-DEB filed in the Southern District.
- Plaintiff Gun Owners of California and CRPA are also Plaintiffs in *Junior Sports Magazines, Inc. v. Rob Bonta*, Case No. 2:22-cv-05663-CAS filed in the Central District.
- Lastly, CRPA is involved in a number of additional cases besides the ones mentioned already. A non-comprehensive listing of other active CRPA-backed cases can be found here: <https://crpa.org/programs/litigation-program/> (as of October 5, 2022).

motion for preliminary injunction. ECF Nos. 10-11. The next morning, this matter was transferred to this Court pursuant to the low number rule. ECF No. 13.

Plaintiffs' motion was set for hearing on November 21, 2022 when it was filed, but given the order of transfer, it's not clear to Plaintiffs whether that is still the hearing date or not. Regardless, through this application, they hope this Court will set their hearing for November 14, 2022 alongside the hearing set for *Miller II*.

### ARGUMENT

**1. Good Cause Exists to Shorten Time for a Hearing on Plaintiffs' Motion for Preliminary Injunction**

An application for an order shortening time must be accompanied by a declaration showing "good cause" for the order. FED. R. CIV. P. 6(c)(1)(C). As stated in the Declaration of Konstadinos T. Moros and further described here, "good cause" exists to shorten time for the hearing of Plaintiffs' Motion for Preliminary Injunction. Indeed, actual, irreparable harm to Plaintiffs' constitutional rights has already resulted and will continue to result if Plaintiffs are unable to present their case for and obtain a preliminary injunction at the first possible opportunity.

As described more fully in Plaintiffs' Motion for Preliminary Injunction, Section 1021.11 violates a multitude of constitutional provisions, including the right to petition the government for redress of grievances, interference with the right to counsel of Plaintiffs' choosing in violation of the Fourteenth Amendment, violation of the Fourteenth Amendment right to Equal Protection, and violation of the Supremacy Clause of the Constitution. In addition, Section 1021.11 also suffers from significant vagueness issues, and functions as an illegal Bill of Attainder given it retroactive application and punitive intent.

That last point is the issue Plaintiffs and their counsel must wrestle with now. Although Section 1021.11 doesn't technically take effect until January 1, 2023, there is no limiting language that says it does not apply retroactively. California state and local government defendants have three years to file a claim in state court to recover

POINTS & AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION

their legal fees and costs. As a result, and as confirmed in the declarations submitted with the motion for preliminary injunction, Plaintiffs are terrified they could be found liable for the State's expenses in their current lawsuits, some of which were filed well before Section 1021.11 was even proposed. They are thus considering dropping their lawsuits in hopes that the State does not pursue fee recovery actions against them, or to at least stop adding on further expenses they will be liable for with continued litigation.

But Section 1021.11 is so constitutionally infirm that even if Plaintiffs dropped their current challenges to firearms laws right now to avoid the burdens of the law before it takes effect in January, the result of such an action seemingly will be to have automatically made the government the "prevailing party" in those abandoned matters.  Thus, Plaintiffs face a dilemma that cannot be resolved absent swift action by this Court.  If they abandon their lawsuits now, they will be losers and subject to paying the government's attorney's fees at some point within the three years after they abandon their suits.  If they continue their lawsuits, they could also be deemed to be losers for losing any one claim asserted in them[3] and subject to paying the government's attorney's fees at some point in the future.

The associational Plaintiffs like California Rifle and Pistol Association, Incorporated that typically fund Second Amendment challenges in California are in a particularly precarious position. They have filed numerous cases and would effectively be bankrupted if they had to foot the bill for the State's litigation expenses. Even if Section 1021.11 was not retroactive and only applied to litigation

---

[3] In fact, on both the *Rhode* and *Duncan* matters, plaintiffs are already deemed to be losers under Section 1021.11 because not all of their legal theories survived the lengthy appellate proceedings in each matter.  Thus, even if the respective laws challenged in both matters are ultimately enjoined by the trial court on remand, the Attorney General would still be entitled to seek the State's attorney's fees and costs as the prevailing party against plaintiffs and their attorneyseven though the laws being defended were struck down as unconstititutional.

7
POINTS & AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION

filed on or after January 1, 2023, that would mean that the associational Plaintiffs cannot risk starting any new firearm-related litigation in the new year and would instead go silent in terms of their litigation efforts. While that may be the result the Attorney General would prefer, it is repugnant to the Constitution.

Section 1021.11 is also already blocking future possible plaintiffs from utilizing the court system to redress their grievances. One declaration in support of Plaintiffs' motion is from a major gun retailer in California, Turner's Outdoorsman, which was considering joining a recently-filed lawsuit but did not do so because of Section 1021.11's intentional chilling effect.

Fundamental constitutional avenues for redress are thus now already being thwarted by Section 1021.11. That would be bad enough for any law, but when the law's own legislative history admits it is unconstitutional, it becomes insulting. This Court should not make Plaintiffs wait any longer. It must move quickly to strike down this abject nonsense before it can do any further harm.

Finally, given this Court is scheduled to hear a motion for preliminary injunction from the *Miller II* plaintiffs on November 14, 2022, it would likely serve judicial economy to hear both motions on the same date and decide them simultaneously. While there are some differences in the arguments, the motions for preliminary injunction in both this matter and in *Miller II* argue that Section 1021.11 violates the Supremacy Clause, the Equal Protection Clause, and the First Amendment right to petition. Plaintiffs believe it would benefit all parties and this Court for the matters to be heard together.

**2.    Plaintiffs have Complied with the Procedural Requirements Governing Ex Parte Motions**

Pursuant to Southern District Local Civil Rule 7.1(e)(5), Plaintiffs confirm they have included a proposed order with this application and also served this application and its accompanying documents on all parties. Additionally, pursuant to Local Civil Rule 83.3(g)(2), Counsel for Plaintiffs has submitted a declaration

confirming that he has informed counsel for Defendant about when and where this motion would be made. Moros Decl. ¶¶ 2-4. On October 21, 2022, Konstadinos T. Moros, counsel of record for Plaintiffs, contacted Elizabeth Watson, counsel of record for Defendant Rob Bonta, via email to provide notice that Plaintiffs intended to file an ex parte application for an order shortening time to hear their anticipated motion for preliminary injunction. *Id*.

Ms. Watson responded that her client would support a unified motion hearing date, but one set for November 21, not November 14. She wrote: "I agree that it makes sense to have one hearing date for both cases, but given that *South Bay* has more claims at issue than *Miller II*, I think it would make sense to have that single hearing on November 21, the date for which the *South Bay* case is currently scheduled. That way, defendants get the full time to which they are entitled to respond to the claims in *South Bay*." *Id.* ¶ 4.

Ms. Watson's contact information is as follows: Elizabeth Watson, Deputy Attorney General, California Department of Justice, 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004. Her telephone number is (415) 510-3847. Her email is Elizabeth.Watson@doj.ca.gov. ECF No. 8.

Although the matters have not been consolidated, ECF No. 13, because it could affect the scheduling of the *Miller II* motion, Counsel for Plaintiffs also contacted counsel for the *Miller II* plaintiffs in order to confirm that they do not oppose this application. Moros Decl. ¶ 5. Mr. Benbrook wrote: "We will not oppose having the two motions for preliminary injunction heard on November 14, provided that your team agrees that our motion will be heard first. We do not agree to move the hearing date back, so, assuming you agree our motion will be heard first, please note in your papers that we oppose a simultaneous hearing date if granting the request would involve moving the hearing date back." The contact information for counsel for the *Miller II* plaintiffs is as follows:

1. Bradley A. Benbrook, 701 University Avenue, Suite 106, Sacramento, CA

9
POINTS & AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION

958825. Telephone: (916) 447-4900. Email: brad@benbrooklawgroup.com.

2. David H. Thompson, 1523 New Hampshire Avenue, NW, Washington, D.C. 20036. Telephone: (202) 220-9600. Email: dthompson@cooperkirk.com.

## CONCLUSION

Plaintiffs respectfully request that the Court set the following schedule in this matter:

- Filing and service of opposition papers on or before November 2, 2022;
- Filing and service of reply papers on or before November 7, 2022;
- Hearing on Plaintiffs' Motion for a Preliminary Injunction to be held on November 14, at 10:30 a.m.

Dated: October 24, 2022        **MICHEL & ASSOCIATES, P.C.**

/s/ *Konstadinos T. Moros*
C.D. Michel
Joshua Robert Dale
Konstadinos T. Moros
Counsel for Plaintiffs South Bay Rod & Gun Club, Inc. Gary Brennan, Cory Henry, Patrick Lovette, Virginia Duncan, Randy Ricks, Gun Owners of California, Second Amendment Law Center, and California Rifle and Pistol Association, Incorporated
e-mail: cmichel@michellawyers.com

Dated: October 24, 2022        **LAW OFFICES OF DON KILMER**

s/ *Don Kilmer*
Don Kilmer
Counsel for Plaintiff Citizens Committee for the Right to Keep and Bear Arms

# CERTIFICATE OF SERVICE
## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

Case Name: *South Bay Rod & Gun Club, Inc. v. Bonta*
Case No.: 22-cv-01461-BEN-JLB

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, declare under penalty of perjury that I am a citizen of the United States over 18 years of age. My business address is 180 East Ocean Boulevard, Suite 200 Long Beach, CA 90802. I am not a party to the above-entitled action.

I have caused service of the following documents, described as:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

on the following parties by electronically filing the foregoing on October 24, 2022, with the Clerk of the District Court using its ECF System, which electronically notifies them.

Robert Meyerhoff
Robert.Meyerhoff@doj.ca.gov
Elizabeth Watson
Elizabeth.Watson@doj.ca.gov
1300 I Street, Suite 125
Sacramento, CA 95814

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 24, 2022, at Long Beach, CA.

Additionally, the following party was served as follows:

Bradley A. Benbrook
701 University Avenue, Suite 106
Sacramento, CA 958825
Email: brad@benbrooklawgroup.com

By Electronic Mail As follows: I served a true and correct copy by electronic transmission. Said transmission was reported and completed without error.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*/s/Christina Castron*
CHRISTINA CASTRON