| | |
|---|---|
| 1 | C. D. Michel – SBN 144258 |
| 2 | cmichel@michellawyers.com<br>Joshua Robert Dale – SBN 209942 |
| 3 | jdale@michellawyers.com<br>Konstadinos T. Moros – SBN 306610 |
| 4 | kmoros@michellawyers.com<br>MICHEL & ASSOCIATES, P.C. |
| 5 | 180 E. Ocean Blvd., Suite 200<br>Long Beach, CA 90802 |
| 6 | Telephone: (562) 216-4444<br>Facsimile: (562) 216-4445 |
| 7 | www.michellawyers.com |
| 8 | Attorneys for Plaintiffs South Bay Rod & Gun Club, Inc. Gary Brennan, Cory Henry, Patrick Lovette, Virginia Duncan, Randy Ricks, Gun Owners of California, |
| 9 | Second Amendment Law Center, and California Rifle and Pistol Association, Incorporated |
| 10 | Donald Kilmer-SBN 179986 |
| 11 | Law Offices of Donald Kilmer, APC<br>14085 Silver Ridge Road |
| 12 | Caldwell, Idaho 83607<br>Telephone: (408) 264-8489 |
| 13 | Email: Don@DKLawOffice.com |
| 14 | Attorneys for Plaintiff Citizens Committee for the Right to Keep and Bear Arms |

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SOUTH BAY ROD & GUN CLUB, INC.; GARY BRENNAN, an individual; CORY HENRY, an individual; PATRICK LOVETTE, an individual; VIRGINIA DUNCAN, an individual; RANDY RICKS, an individual; CITIZENS COMMITTEE FOR THE RIGHT TO KEEP AND BEAR ARMS; GUN OWNERS OF CALIFORNIA; SECOND AMENDMENT LAW CENTER; and CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED,<br><br>Plaintiffs,<br><br>v.<br><br>ROB BONTA, in his official capacity as Attorney General of the State of California; and DOES 1-10,<br><br>Defendants. | **CASE NO: 22-cv-01461-BEN-JLB**<br><br>**DECLARATION OF KONSTADINOS T. MOROS IN SUPPORT OF PLAINTIFFS' EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

1

DECLARATION OF KONSTADINOS T. MOROS

**DECLARATION OF KONSTADINOS T. MOROS**

1. I, Konstadinos T. Moros, am an attorney at the law firm Michel & Associates, P.C., attorneys of record for Plaintiffs in this action. I have personal knowledge of the facts set forth herein and, if called and sworn as a witness, could and would testify competently thereto.

2. Plaintiffs filed the complaint in this matter on September 28, 2022. Defendant's counsel, Elizabeth Watson, noticed her appearance on October 11, 2022. ECF No. 8. Ms. Watson's contact information is as follows: Elizabeth Watson, Deputy Attorney General, California Department of Justice, 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004. Her telephone number is (415) 510-3847. Her email is Elizabeth.Watson@doj.ca.gov. ECF No. 8.

3. On October 21, 2022, I contacted Ms. Watson via email to provide Defendant with notice that Plaintiffs intended to file an ex parte application for an order shortening time to hear their anticipated motion for preliminary injunction. I also informed her the application would be filed on October 24, 2022 and asked if Defendant would oppose it.

4. Ms. Watson responded that day as follows: "I agree that it makes sense to have one hearing date for both cases, but given that *South Bay* has more claims at issue than *Miller II*, I think it would make sense to have that single hearing on November 21st, the date for which the *South Bay* case is currently scheduled. That way, defendants get the full time to which they are entitled to respond to the claims in *South Bay*. Would you reach out to the *Miller II* plaintiffs and see if they would be amenable to that?"

5. Also on October 21st, I reached out to counsel for the *Miller II* plaintiffs, Bradley Benbrook, to determine if they would oppose my clients' ex parte application, and to let them know Ms. Watson's proposal. They replied that they do not oppose this application but do oppose any delay in their own hearing date. Specifically, Mr. Benbrook wrote: "We will not oppose having the two motions for

2
DECLARATION OF KONSTADINOS T. MOROS

preliminary injunction heard on November 14, provided that your team agrees that our motion will be heard first. We do not agree to move the hearing date back, so, assuming you agree our motion will be heard first, please note in your papers that we oppose a simultaneous hearing date if granting the request would involve moving the hearing date back." Their contact information is as follows: Bradley A. Benbrook, 701 University Avenue, Suite 106, Sacramento, CA 958825. Telephone: (916) 447-4900. Email: brad@benbrooklawgroup.com; and David H. Thompson, 1523 New Hampshire Avenue, NW, Washington, D.C. 20036. Telephone: (202) 220-9600. Email: dthompson@cooperkirk.com.

6. This case presents claims under 42 U.S.C. § 1983 for violations of the First Amendment, the Fourteenth Amendment, the Supremacy Clause, and the constitutional prohibition against bills of attainder. Simply put, Plaintiffs seek nothing more than to preserve their rights; rights that, before the enactment of California Code of Civil Procedure section 1021.11, they freely enjoyed.

7. Under the plain language of Section 1021.11, if anyone seeks to challenge a state or local law in California related to firearms, they and their attorneys must be willing to bear the cost of the government's attorney's fees if they are not the prevailing party. And to be the "prevailing party" as defined under Section 1021.11, they must prevail *on all claims*. Under Section 1021.11(b), if the government defendant prevails on *even a single cause of action*, the challenging parties and attorneys are not the prevailing party, but the government is, and the plaintiff must pay the government's attorney's fees and costs.

8. What's more, if Plaintiffs and their attorneys are sued in such a civil action, under subdivision (d)(2) fees and costs not being granted to defendants in the original matter are *not a defense* that can be raised to the subsequent civil matter, in violation of basic principles of *res judicata*, collateral estoppel, and federal Supremacy.

9. Section 1021.11 takes effect January 1, 2023, but has the *ex post facto* effect of applying to any lawsuit that that was pending at any point in the three years prior to enactment of the law. That means that matters being currently litigated, and that were filed well before Section 1021.11 was first proposed, are currently being affected by the law.

10. Plaintiffs are already being harmed by the enactment of Section 1021.11. The associational Plaintiffs that typically fund Second Amendment challenges in California are in a particularly precarious position. They have filed numerous cases and would effectively be bankrupted if they had to foot the bill for the State's litigation expenses in those existing matters. Even if Section 1021.11 was not retroactive and only applied to litigation filed on or after January 1, 2023, that would mean that the associational Plaintiffs cannot risk starting any new firearm-related litigation in the new year and would instead go silent in terms of their litigation efforts.

11. The individual Plaintiffs, as their declarations in support of the motion for preliminary injunction attest, are considering dropping out of the important Second Amendment lawsuits they are involved in out of fear that they could be financially liable for the State's expenses.

12. Section 1021.11 is also already blocking future possible plaintiffs from utilizing the court system to redress their grievances. One declaration in support of Plaintiffs' motion is from a major gun retailer in California, Turner's Outdoorsman, which was considering joining a recently-filed lawsuit but did not do so because of Section 1021.11's intentional chilling effect.

13. The legislative history behind Section 1021.11 shows that both the State Assembly and the Senate knew it was unconstitutional when they passed it, and the Attorney General himself signed onto an amicus brief arguing a similar provision in Texas law was unconstitutional. This Court should not continue to let it do any more damage than it already has.

14. Good cause thus exists for this Court to expedite the hearing on Plaintiffs' motion for preliminary injunction.

15. On behalf of Plaintiffs, I respectfully request that the Court set the following briefing and hearing schedule in this matter:

- Filing and service of opposition papers on or before November 2, 2022;
- Filing and service of reply papers on or before November 7, 2022;
- Hearing on Plaintiffs' Motion for a Preliminary Injunction to be held on November 14, 2022, at 10:30 a.m.

I declare under penalty of perjury of the laws of the State of California and the United States that the foregoing is true and correct. Executed within the United States on October 24, 2022.

_____
s/*Konstadinos T. Moros*
Declarant

# ERTIFICATE OF SERVICE
## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

Case Name: *South Bay Rod & Gun Club, Inc. v. Bonta*
Case No.: 22-cv-01461-BEN-JLB

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, declare under penalty of perjury that I am a citizen of the United States over 18 years of age. My business address is 180 East Ocean Boulevard, Suite 200 Long Beach, CA 90802. I am not a party to the above-entitled action.

I have caused service of the following documents, described as:

**DECLARATION OF KONSTADINOS T. MOROS IN SUPPORT OF PLAINTIFFS' EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

on the following parties by electronically filing the foregoing on October 24, 2022, with the Clerk of the District Court using its ECF System, which electronically notifies them.

Robert Meyerhoff
Robert.Meyerhoff@doj.ca.gov
Elizabeth Watson
Elizabeth.Watson@doj.ca.gov
1300 I Street, Suite 125
Sacramento, CA 95814

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 24, 2022, at Long Beach, CA.

Additionally, the following party was served as follows:

Bradley A. Benbrook
701 University Avenue, Suite 106
Sacramento, CA 958825
Email: brad@benbrooklawgroup.com

By Electronic Mail As follows: I served a true and correct copy by electronic transmission. Said transmission was reported and completed without error.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*/s/Christina Castron*
CHRISTINA CASTRON