ROB BONTA
Attorney General of California
R. MATTHEW WISE
Supervising Deputy Attorney General
RYAN R. DAVIS
Deputy Attorney General
State Bar No. 266330
  1300 I Street, Suite 125
  Sacramento, CA 95814
  Telephone: (916) 210-6050
  Fax: (916) 324-8835
  E-mail: Ryan.Davis@doj.ca.gov
*Attorneys for Defendants Rob Bonta and Blake Graham, in their official capacities*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

CIVIL DIVISION

| | |
|---|---|
| **JAMES MILLER, et al.,**<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>**ROB BONTA, et al.,**<br><br>　　　　　Defendants. | Case No. 3:22-cv-1446-BEN-JLB<br>Case No. 3:22-cv-1461-BEN-JLB<br><br>**DEFENDANTS' SUPPLEMENTAL BRIEF**<br><br>Date:　　　December 16, 2022<br>Time:　　　10:00 a.m.<br>Courtroom:　5A<br>Judge:　　　Hon. Roger T. Benitez<br><br>Actions Filed: Sept. 26, Sept. 28, 2022 |
| **SOUTH BAY ROD & GUN CLUB, INC., et al.,**<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>**ROB BONTA, et al.,**<br><br>　　　　　Defendants. | |

# INTRODUCTION

As Defendants explained in their opposition to Plaintiffs' motions for a preliminary injunction, the California statute challenged here (SB 1327) was a response to a recently enacted and roundly criticized Texas statute (SB 8). California's statute is premised on the view that if Texas is ultimately allowed to employ the mechanisms contained in SB 8 (both the "bounty hunter" provision and the one-sided fee-shifting mechanism at issue here), then SB 1327 should similarly be upheld. To date, however, no court has ruled on the constitutionality of the fee-shifting scheme contained in SB 8. But the Attorney General has acknowledged that laws designed to thwart legitimate judicial review are constitutionally problematic, including in amicus briefs addressing SB 8, which were filed well before SB 1327 was conceived, let alone signed into law. Given the constitutional concerns expressed previously in our amicus briefs, and SB 1327's unique origins, the Attorney General has committed not to seek fees under the materially-identical fee-shifting provision of SB 1327 unless and until a court ultimately holds that SB 8's fee-shifting provision is constitutional and enforceable.

In light of the position the Attorney General has taken regarding the nearly identical fee-shifting provision in SB 8, and consistent with his commitment to avoid seeking fees under SB 1327 unless SB 8 is upheld as constitutional, Defendants are not in a position to defend SB 1327's constitutionality on the merits. Other constitutional officers and state officials, who may be defendants entitled to seek fees under the terms of SB 1327, may take a different view. The Governor's Office has indicated that it intends to intervene in this case for the purpose of addressing the merits of SB 1327's fee-shifting provision. Defendants do not object to the Governor's intervention.

# BACKGROUND

### A.   Texas Senate Bill 8

Senate Bill 8 was passed by the Texas Legislature and signed by Governor

Abbott in May 2021. Act of May 13, 2021, 87th Leg., R.S., ch. 62, 2021 Tex. Sess. Law Serv. 125. The provision that parallels the portion of SB 1327 at issue in this suit is contained in section 4 of SB 8. That provision adds section 30.022 to the Civil Practices and Remedies Code and provides that

> Notwithstanding any other law, any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief to prevent this state, a political subdivision, any governmental entity or public official in this state, or any person in this state from enforcing any statute, ordinance, rule, regulation, or any other type of law that regulates or restricts abortion or that limits taxpayer funding for individuals or entities that perform or promote abortions, in any state or federal court, or that represents any litigant seeking such relief in any state or federal court, is jointly and severally liable to pay the costs and attorney's fees of the prevailing party.

For the purposes of section 30.022, a party is considered a "prevailing party" if a state or federal court "dismisses any claim or cause of action brought against the party that seeks the declaratory or injunctive relief described in Subsection (a), regardless of the reason for the dismissal" or "enters judgment in the party's favor on any such claim or cause of action." *Id.* § 30.022(b). Fees under section 30.022 are authorized in a separate civil action to recover costs and attorney's fees, up to three years after the judgment becomes final. *Id.* § 30.022(c). And section 30.022(d) also provides that it is not a defense to an action brought under that subdivision that a prevailing party did not seek fees in the underlying action; that the court in the underlying action declined to recognize or enforce the requirements of this section; or that the court in the underlying action held that any provisions of this section are invalid, unconstitutional, or preempted by federal law. *Id.*

Abortion providers and advocates sued Texas state officials in federal and state courts to enjoin enforcement of SB 8 before it could take effect. *Whole Woman's Health*, 142 S. Ct. at 530. Both the state and federal lawsuits focused primarily on the separate private-right-of-action provisions in section 3 of SB 8, but the plaintiffs also emphasized the chilling effect of the fee-shifting provision contained in section 4 of SB 8.

In September and October of 2021, the Attorney General, as California's chief law enforcement officer, joined amicus briefs criticizing SB 8. In those briefs, the Attorney General denounced Texas's attempt to insulate its laws from pre-enforcement review. In a multistate amicus brief filed in the district court on September 15, 2021, in a lawsuit instituted by the federal government, the Attorney General explained that the fee-shifting provision of SB 8 was an "attempt[] to thwart judicial review," and one of several "unusual" and "extraordinary provisions" designed to insulate Texas's abortion laws from challenge. Amici Curiae Br. of Mass. et al. in Supp. of Pls.' TRO & Prelim. Inj. 7–8, *United States v. Texas*, No. 1:21-cv-796, Dkt. 71, at 7–8 (W.D. Tex. Sept. 15, 2021). In another amicus brief filed on October 27, 2021, the Attorney General criticized Texas's "unprecedented attack on the rule of law" and SB 8's "attempts to thwart judicial review and insulate the State from accountability[.]" Br. of Mass. et al. as Amici Curie in Supp. of Pet'rs at 5, *Whole Woman's Health v. Jackson*, Nos. 21-463, 21-588, 2021 WL 5016707 (Oct. 27, 2021). In statements issued in connection with those amicus briefs, California Attorney General Rob Bonta condemned SB 8 as "blatantly unconstitutional" and specifically called out Texas's attempt to "shield[]" its laws "from federal judicial review."[1]

Texas responded to the lawsuits by raising threshold jurisdictional arguments. After the district court denied a motion to dismiss, the Supreme Court granted certiorari before judgment and then affirmed in part and reversed in part. *Whole Woman's Health v. Jackson*, 142 S. Ct. 522 (2021). The Supreme Court reached only the threshold question of which parties were proper defendants to the challenge to SB 8's private-right-of-action provision; the Court did not address the constitutionality of any section of SB 8, including the fee-shifting provisions. *Id.* at

---

[1] Press Release, Cal. Dept. of Justice, Attorney General Bonta: Texas Cannot Avoid Judicial Review of its Unconstitutional Abortion Ban (Oct. 27, 2021), available at https://tinyurl.com/wpdjhzwk.

531.

In August of this year, abortion providers and non-profit advocates in Texas filed a separate challenge to several of Texas's abortion laws, on the basis that those laws violate the constitutional right to travel, the First Amendment, and the Due Process clause.  Compl., *Fund Texas Choice v. Paxton*, No. 22-cv-859, Dkt. 1 (W.D. Tex. Aug. 23, 2022).  Relevant here, the plaintiffs challenged SB 8's fee-shifting scheme, contending that the law violated the First Amendment right to petition the government for redress of grievances and was preempted by 42 U.S.C. § 1988.  *Id.* ¶¶ 192–204.  On September 23, 2022, the Attorney General filed an amicus brief in support of the plaintiffs, focusing on plaintiffs' claim that Texas unlawfully interfered with the right to interstate travel.  Amici Curiae Br. of Cal. et al., *Fund Texas Choice v. Paxton*, No. 22-cv-859, Dkt. 38-1 (W.D. Tex. Sept. 23, 2022).  The case is still pending as the parties await rulings on a preliminary injunction motion and a motion to dismiss.

## B.   California Senate Bill 1327

California's SB 1327 was a reaction to SB 8.  On December 11, 2022, the day after the Supreme Court issued its decision regarding SB 8, Governor Newsom criticized the ruling on the ground that it had the practical effect of "endorsing Texas's scheme to insulate its law from the fundamental protections of *Roe v. Wade*."[2]  The Governor explained that "California opposed Texas's ploy at the Supreme Court, and I wish the court had agreed with us[,]" but he stated that if Texas was allowed to "shield [its] laws from review by the federal courts" then California "should use that authority to protect people's lives."[3]

---

[2] Cal. Office of the Governor, Governor Newsom Statement on Supreme Court Decision (Dec. 11, 2021), available at https://tinyurl.com/z2bpc6rn.

[3] Gavin Newsom, Opinion: *The Supreme Court Opened the Door to Legal Vigilantism in Texas. California Will Use the Same Tool to Save Lives*, The Wash. Post (Dec. 20, 2021), available at https://tinyurl.com/3ky3pmkz; Governor Newsom Statement on Supreme Court Decision, *supra* n.13.

In furtherance of that objective, the Governor proposed and the Legislature enacted SB 1327 in July, 2022. SB 1327 has two principal sections that closely track provisions of SB 8. Section 2 of SB 1327, which is at issue here, parallels the fee-shifting provision in section 4 of SB 8. The language in the two fee-shifting provisions is nearly identical, except for the subject matter of the lawsuit that triggers fees. While section 4 of SB 8 applies to suits challenging abortion laws, SB 1327's fee-shifting provision is implicated in lawsuits seeking declaratory or injunctive relief with respect to any law that regulates or restricts firearms. SB 1327 contains a severability clause with respect to its separate provision regarding a private right of action (Cal. Bus. & Prof. Code § 22949.70), and declares in a separate severability clause that "every statute that regulates or prohibits firearms is severable in each of its applications to every person and circumstance," SB 1327, § 3(c). SB 1327 is scheduled to take effect on January 1, 2023. See Cal. Gov. Code § 9600(a).

Governor Newsom signed SB 1327 into law in July 2022, approximately nine months after the Attorney General joined the amicus briefs regarding SB 8 and issued the press release referring to SB 8 as "blatantly unconstitutional." Since SB 1327 was approved, several plaintiffs and attorneys in pending Second Amendment challenges to California's firearm laws sought assurances that SB 1327's fee-shifting provision would not be invoked in those lawsuits. In each of those cases, the Attorney General committed not to seek fees under SB 1327.[4] The Attorney General offered the same commitment to the plaintiffs and attorneys in the lawsuit currently pending in *Miller v. Bonta*, No. 3:19-cv-1537 (S.D. Cal.) (*Miller I*).[5]

---

[4] *See, e.g.*, *Renna v. Bonta*, No. 20-cv-2190, Dkt. 57 at 3 (S.D. Cal. Sept. 28, 2022); *Abrera v. Newsom*, No. 22-cv-1162, Dkt. 22 at 8–9 (E.D. Cal. Oct. 10, 2022); *Defense Distributed v. Bonta*, No. 22 CV 6200, Dkt. 19 at 9–11 (C.D. Cal. Oct. 24, 2022); *Rupp v. Becerra*, No. 8:17-cv-00746, Dkt. 130 at 8–10 (S.D. Cal. Oct. 21, 2022).

[5] Elizabeth K. Watson Decl. in Support of Opp. to Prelim. Inj., ¶¶ 3–4.

Defendants stated in their opposition to Plaintiffs' preliminary injunction motions that they would not seek fees under section 2 of SB 1327 unless and until a court ultimately holds that the fee-shifting provision in section 4 of SB 8 is constitutional and enforceable and that decision is affirmed on appeal or no appeal is taken. Defendants reiterate and reaffirm that same commitment here. Defendants' commitment extends to fees or costs incurred at any time in connection with any suit filed before the date on which a decision ultimately upholding the constitutionality of section 4 of SB 8 is affirmed on appeal (or the time to file an appeal expires), and to all prospective plaintiffs and their attorneys, regardless of whether they are a plaintiff or attorney in the present case.

## PROCEDURAL HISTORY

The *Miller* Plaintiffs case include individuals and non-profit organizations who either have pending cases, or assert that they desire to file new cases, against California challenging its firearms regulations. *Miller* Compl. ¶¶ 13-22. They also include attorneys who currently represent litigants challenging California firearms laws or attorneys who have refrained from filing suits because of SB 1327. *Id.* ¶¶ 23-24. Their complaint alleges that the fee-shifting scheme in section 2 of SB 1327 is preempted and unconstitutional under the Supremacy Clause, *id.* ¶78; violates the First Amendment right to petition the government for redress of grievances, *id.* ¶ 80; and violates the Equal Protection Clause of the Fourteenth Amendment, *id.* ¶ 84. The *Miller* Plaintiffs are not challenging the private right of action in section 1 of SB 1327.

The *South Bay* Plaintiffs include individuals, non-profit organizations, and a Second Amendment scholarship and legal resource center who either have pending cases, or assert that they desire to file new cases, against California challenging its firearm regulations. *South Bay* Compl. ¶¶ 32-49. Their complaint alleges that the fee-shifting scheme in section 2 of SB 1327 is a Bill of Attainder, *id.* ¶ 89; violates the First Amendment right to petition the government for redress of grievances, *id.*

¶ 95; violates due process, *id.* ¶¶ 101, 125; violates the Equal Protection Clause of the Fourteenth Amendment, *id.* ¶ 109; and is preempted and unconstitutional under the Supremacy Clause, *id.* ¶ 118. Their complaint also seeks relief under the All Writs Act. *Id.* ¶ 134. The *South Bay* Plaintiffs are also not challenging the private right of action in section 1 of SB 1327.

Both sets of Plaintiffs are seeking a preliminary injunction. In *Miller,* on October 18, 2022, the parties jointly submitted a motion and stipulation requesting an order extending the time for defendants to respond to the complaint, from October 18, to 15 days after the Court enters an order resolving the preliminary injunction motion, which this Court signed. The stipulated order found good cause to extend the time for defendants to respond to the complaint "because Defendants require more time to analyze the Complaint and to consider and prepare their response" and "because preparation of a response to all allegations would require a substantial expenditure of time and effort—one that may not be wholly necessary if preliminary injunction proceedings narrow or resolve the issues." Order 2. In *South Bay*, on October 21, 2022, the parties also submitted a motion and stipulation requesting an order extending time for defendants to respond to the complaint until after the Court rules on the preliminary injunction motion, but this Court has not yet responded to that request. Pursuant to the *Miller* order and the motions and stipulations filed in both cases, Defendants have not yet responded to either complaint. And because Defendants only raised jurisdictional arguments in response to the preliminary injunction motions, without addressing the likelihood that Plaintiffs will succeed on the merits, Defendants have not yet taken a position on the merits of Plaintiffs' claims.

On December 1, 2022, this Court adopted the tentative order it previously issued on November 15, 2022, concluding that there is a case or controversy between the parties under Article III, consolidating a trial on the merits with a

hearing on the preliminary injunction motion under Federal Rule of Civil Procedure 65(a)(2), and setting a bench trial on December 16, 2022.

## ARGUMENT

This case involves a unique statute that presents an unusual legal issue. Ordinarily, statutes are entitled to the general presumption of constitutionality. *See, e.g.*, *Decker Coal Co. v. Pehringer*, 8 F.4th 1123, 1133 (9th Cir. 2021). But under the particular circumstances of this case, the Attorney General will not be defending the merits of SB 1327. Consistent with the constitutional concerns the Attorney General has raised about SB 8, including well before SB 1327 became law, he has committed not to seek fees under section 2 of SB 1327 unless and until the nearly identical provision in SB 8 is judicially determined to be constitutional and enforceable. In light of those same constitutional concerns that this type of fee-shifting provision interferes with the right of access to the courts, and consistent with his commitment not to seek fees under SB 1327, the Attorney General is not in a position to defend SB 1327's fee-shifting provision on its merits.

That said, SB 1327 was duly passed by the Legislature and signed by the Governor. It is California law. Certainly, if the fee-shifting provision in SB 8 is ultimately upheld as constitutional, the identical provision in SB 1327 should be enforceable to the same extent. But at this time, the Attorney General is not in a position to defend the merits of a provision that is indistinguishable in relevant part from a provision that he has opined is unconstitutional. As noted above, other constitutional officers and state officials may take a different view, and the Governor has provided Defendants notice that he intends to move to intervene to address the merits of SB 1327. Defendants do not oppose the Governor's motion to intervene in this case.

Finally, Defendants offer the following regarding the question of remedy. If, after considering arguments from the parties and the Governor, the court determines that the fee-shifting mechanism in SB 1327 is unconstitutional, it would be

appropriate for the Court to enter a declaratory judgment that the fee-shifting mechanism in SB 1327 unconstitutionally interferes with the right of access to the courts and may not be enforced by Defendants against Plaintiffs and their attorneys. The judgment should not address SB 1327's separate provision regarding a private right of action, which is not at issue in this case. If the courts in the pending litigation in Texas ultimately hold that the fee-shifting provision in section 4 of SB 8 is constitutional and enforceable, however, then the identical provision in SB 1327 should be valid and enforceable to the same extent. For that reason, any judgment against Defendants should state that it is without prejudice to Defendants returning to this Court to apprise the court of developments in the SB 8 litigation and to seek modification of the judgment in the event that SB 8's fee-shifting mechanism is upheld as constitutional and that decision is affirmed on appeal or no appeal is taken. Defendants reserve the right to seek modification of any judgment under Federal Rule of Civil Procedure 60(b) in light of any such ruling.

## CONCLUSION

For the foregoing reasons, Defendants are not in a position to defend the constitutionality of the fee-shifting provision of SB 1327 on the merits. Defendants do not oppose the Governor's motion to intervene.

Dated: December 9, 2022

Respectfully submitted,

ROB BONTA
Attorney General of California
R. MATTHEW WISE
Supervising Deputy Attorney General

s/ Ryan R. Davis

RYAN R. DAVIS
Deputy Attorney General
*Attorneys for Defendants Rob Bonta and Blake Graham, in their official capacities*

# CERTIFICATE OF SERVICE

| Case Name: | **Miller, James, et al. v. Rob Bonta, et al. (S.D. Cal.)** | No. | **3:22-cv-01446-BEN-JLB** |
|---|---|---|---|

I hereby certify that on <u>December 8, 2022</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT'S SUPPLEMENTAL BRIEF**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>December 8, 2022</u>, at Sacramento, California.

| R. Davis | /s/ *R. Davis* |
|---|---|
| Declarant | Signature |

SA2022304288
36773466.docx

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **South Bay Rod & Gun Club, Inc., et al. v. Rob Bonta** | No. | **3:22-cv-01461-JO-WVG** |

I hereby certify that on <u>December 8, 2022</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT'S SUPPLEMENTAL BRIEF**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>December 8, 2022</u>, at Sacramento, California.

| R. Davis | /s/ *R. Davis* |
|---|---|
| Declarant | Signature |

SA2022304322
36773448.docx