ROBIN B. JOHANSEN, State Bar No. 79084
THOMAS A. WILLIS, State Bar No. 160989
KRISTEN MAH ROGERS, State Bar No. 274672
INEZ KAMINSKI, State Bar No. 345584
OLSON REMCHO, LLP
1901 Harrison Street, Suite 1550
Oakland, CA 94612
Phone: (510) 346-6200
Fax: (510) 574-7061

Attorneys for [Proposed] Intervenor
Governor Gavin Newsom

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUTH BAY ROD & GUN CLUB, INC.; GARY BRENNAN, an individual; CORY HENRY, an individual; PATRICK LOVETTE, an individual; VIRGINIA DUNCAN, an individual; RANDY RICKS, an individual; CITIZENS COMMITTEE FOR THE RIGHT TO KEEP AND BEAR ARMS; GUN OWNERS OF CALIFORNIA; SECOND AMENDMENT LAW CENTER and CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED,<br><br>Plaintiffs,<br><br>vs.<br><br>ROBERT BONTA, in his official capacity as Attorney General of the State of California; and DOES 1-10,<br><br>Defendants. | No.: 3:22-cv-1461-BEN-JLB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO INTERVENE**<br><br>Hearing:<br><br>Date: January 5, 2023<br>Time:<br>Crtrm.: 5A (5th Floor)<br>Judge: The Honorable Roger T. Benitez |

# INTRODUCTION

Gavin Newsom, in his official capacity as Governor of the State of California, respectfully requests that the Court grant him leave to intervene as a matter of right in this case to represent the interests of the State of California and the State's executive branch. On December 7, 2022, just two days ago, the Attorney General's Office informed the Governor's Office that it would not be defending the constitutionality of Code of Civil Procedure section 1021.11 in its supplemental brief, due Friday, December 9, 2022.

The Governor has been a critic of the Texas abortion statute (S.B. 8) on which California's S.B. 1327, which enacted section 1021.11, was modeled. In calling on the Legislature to pass S.B. 1327, the Governor explained that "California opposed Texas's ploy at the Supreme Court, and I wish the court had agreed with us[,]" but he stated that if Texas was allowed to "shield [its] laws from review by the federal courts" then California "should use that authority to protect people's lives."[1] The Legislature subsequently passed S.B. 1327, and the Governor signed the bill into law.

Accordingly, the Governor believes that the legal viability of this duly enacted statute must be fully litigated and decided by the courts. If Texas is permitted to advance its chosen policy interests under precisely the same procedural mechanism, then so too should California. While the Attorney General has determined that he is constrained in his defense of section 1021.11 by prior positions he expressed in litigating against Texas's S.B. 8, the Governor is not, and the Governor's defense of the statute would thus allow for full judicial review. Therefore, the Governor seeks to

---

[1] Gavin Newsom, Opinion: *The Supreme Court Opened the Door to Legal Vigilantism in Texas. California Will Use the Same Tool to Save Lives*, The Wash. Post (Dec. 20, 2021), available at https://tinyurl.com/3ky3pmkz; Governor Newsom Statement on Supreme Court Decision.

1

intervene in this case to ensure that the validity of section 1021.11 is litigated on an equal basis as the parallel Texas law.

The Governor meets all the requirements for intervention as a matter of right under Rule 24(a) of the Federal Rules of Civil Procedure. This application is timely. The case is in its beginning stages, having been filed little more than two months ago, and the Governor filed this motion just two days after being informed that the Attorney General would not be defending the statute's constitutionality due to positions he took in litigation challenging the analogous Texas statute. This differs from the Governor's position that the courts should resolve the constitutionality of this novel scheme, which unquestionably raises significant constitutional questions. Nor would intervention cause delay; as elaborated below, the Governor is prepared to file a supplemental brief promptly so that this case may be heard on December 16 as scheduled.

The Governor also has a protectable interest in this case. Under the California Constitution, if a difference in position "between the Governor and the Attorney General develops over the faithful execution of the laws of this state, the Governor retains the 'supreme executive power' to determine the public interest," including with respect to litigation decisions. *People ex rel. Deukmejian v. Brown*, 29 Cal. 3d 150, 158 (1981). The California Constitution thus vests the Governor with a protectable right that serves as the basis for intervention in a federal lawsuit challenging a state statute.

Moreover, the United States Supreme Court just last term reiterated the importance of permitting duly authorized state officers the right to intervene in such cases. As the Court stated, "where a State chooses to divide its sovereign authority among different officials and authorize their participation in a suit challenging state law, a full consideration of the State's practical interests may require the involvement of different voices with different perspectives. To hold otherwise would risk allowing a

2

private plaintiff to pick its preferred defendants and potentially silence those whom the State deems essential to a fair understanding of its interests." *Berger v. N.C. State Conf. of NAACP*, 142 S. Ct. 2191, 2203 (2022).

Finally, the Governor's intervention is necessary because the Attorney General conveyed on Wednesday, December 7, that he is unable to defend the statute's constitutionality. In *Berger*, the Supreme Court held that duly authorized state officials, such as the Governor here, should be allowed to intervene when they hold different litigation positions than the state actors already in the case. "[A] State's chosen representatives should be greeted in federal court with respect, not adverse presumptions. If a [proposed private party intervenor] [ ] faced only a 'minimal' burden, it cannot be that duly designated state agents seeking to vindicate state law should have to clear some higher hurdle." *Id*. at 2205. For all these reasons, the Governor should be permitted to intervene in this case as a matter of right.

If permitted to intervene, the Governor would file a supplemental brief defending the constitutionality of section 1021.11. And to the extent this motion is opposed, he will request through an application for an order shortening time that it be heard first at the hearing on December 16. Further, he would adhere to the Court's scheduling order and file an answer or other responsive pleading no later than 15 days following the Court's order ruling on the motion for preliminary injunction.

The Governor respectfully requests that he be permitted to lodge his proposed supplemental brief on Monday, December 12, 2022, instead of Friday, December 9, 2022. Allowing for that modest extension, the Governor is prepared to proceed with the preliminary injunction hearing and consolidated bench trial set for December 16, 2022.

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR LEAVE TO INTERVENE

# BACKGROUND

On December 7, 2022, the Governor's Office was informed that the Attorney General would not defend the constitutionality of Code of Civil Procedure section 1021.11 in his supplemental brief due on December 9. Declaration of David Sapp ("Sapp Decl."), ¶ 3. On December 8, 2022, counsel for the Governor notified the parties that he would seek to intervene and file a motion as soon thereafter as possible. Counsel for the Governor asked if the other parties intended to oppose intervention. Declaration of Thomas A. Willis ("Willis Decl."), ¶¶ 4-5. As of the date of this filing, counsel for plaintiffs have not yet responded (*id*.) but the Attorney General has stated in his supplemental brief that he does not oppose intervention.

The Governor respectfully requests a modest extension of time in which to prepare his supplemental brief in opposition to Plaintiffs' motion for preliminary injunction, specifically that he be permitted to lodge his proposed brief on Monday, December 12, 2022, instead of Friday, December 9, 2022. He seeks no continuance of the Court's hearing on the preliminary injunction and consolidated bench trial, currently set for December 16, 2022. To the extent plaintiffs object to his intervention, the Governor proposes that the instant motion to intervene can be resolved during that hearing.

# ARGUMENT

## I. THE GOVERNOR IS ENTITLED TO INTERVENE AS A MATTER OF RIGHT

Federal Rule of Civil Procedure 24(a)(2) provides that a court must permit a third party to intervene in a case when that party files a "timely motion" that "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR LEAVE TO INTERVENE

interest." Rule 24 is construed liberally in favor of the proposed intervenor, and a court shall accept all non-conclusory allegations in the motion, declarations, and answer in intervention as true. *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818-20 (9th Cir. 2001). In determining whether intervention is appropriate, "courts are guided primarily by practical and equitable considerations," and the requirements for intervention are broadly interpreted in favor of intervention. *U.S. v. City of L.A.*, 288 F.3d 391, 397 (9th Cir. 2002) (citation omitted).

### A.  This Motion Is Timely

The Governor has moved expeditiously to intervene, and the motion is timely. This motion was filed within two days of the Governor's Office receiving news from the Attorney General's Office that it would not be defending section 1021.11 in its supplemental brief due Friday, December 9, 2022. Sapp Decl., ¶ 3. Thus, this motion is being brought promptly after the need for intervention – to ensure adequate representation of the State's interests in a statute enacted by the Legislature and signed by the Governor – first arose.

Further, the case is in its early stages; plaintiffs filed the case on September 28, 2022, little more than two months ago, and no answer has been filed.

Moreover, the Governor proposes that, to the extent any parties object to intervention, the Court hear his motion to intervene immediately before holding the preliminary injunction hearing and trial, currently set for December 16, and is not seeking to continue that hearing to a later date. He is seeking only a modest 3-day (one business day) extension of time in which to prepare and lodge his supplemental brief.

### B.  The Governor Has A Protectable Interest In This Case

An applicant has a right to intervene if the applicant "has a 'protectable interest' in the outcome of the litigation of sufficient magnitude to warrant inclusion in the action." *Smith v. Pangilinan*, 651 F.2d 1320, 1324 (9th Cir. 1981). The applicant

5
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR LEAVE TO INTERVENE

need not go so far as to show "that he has a legal or equitable interest in jeopardy." *Id.* It is enough to show that the applicant's interest will suffer a "practical impairment . . . as a result of the pending litigation." *California ex rel. Lockyer v. U.S.*, 450 F.3d 436, 441 (9th Cir. 2006).

Here the law is clear that the Governor of California has a protectable interest in defending the laws of the State. Article V, section 1 of the California Constitution provides:

> The supreme executive power of this State is vested in the Governor. The Governor shall see that the law is faithfully executed.

Cal. Const. art. V, § 1.

Writing that the "constitutional pattern is crystal clear," the California Supreme Court has held that if a difference in position "between the Governor and the Attorney General develops over the faithful execution of the laws of this state, the Governor retains the 'supreme executive power' to determine the public interest; the Attorney General may act only 'subject to the powers' of the Governor." *People ex rel. Deukmejian*, 29 Cal. 3d at 158.

This is precisely the kind of state interest that the United States Supreme Court recently held must be respected in ruling on a motion for intervention. In *Berger v. N.C. State Conf. of the NAACP*, 142 S. Ct. 219, the Court held that the leaders of the North Carolina Legislature should have been allowed to intervene to defend a statute requiring voters to present photo identification in order to vote. *Id.* at 2202-03. A North Carolina statute stated that the legislative leaders had standing to intervene in any action challenging a state statute or provision of the state constitution. *Id.* at 2203. The Court held that "federal courts should rarely question that a State's interests will be practically impaired or impeded if its duly authorized representatives are excluded from participating in federal litigation challenging state law." *Id.* at 2201. To hold otherwise,

the Court went on, would "evince disrespect for a State's chosen means of diffusing its sovereign powers among various branches and officials" and "risk turning a deaf federal ear to voices the State has deemed crucial to understanding the full range of its interests." *Id.*

In *Berger*, the proposed intervenors relied on a state statute. Here the California Constitution itself, as interpreted by the state's highest court, provides that the Governor "retains the 'supreme executive power' to determine the public interest" and to defend that interest in court. *People ex rel. Deukmejian*, 29 Cal. 3d at 158. There could be no stronger evidence that the Governor has a protectable interest in this case.

### C. The Existing Parties Do Not Adequately Represent the Governor's Interests

An intervening party meets its "minimal burden" of demonstrating that its interests are not adequately represented by the current parties merely by showing that the representation "'*may be*' inadequate." *Sw. Ctr. for Biological Diversity*, 268 F.3d at 82-3 (quoting *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972)) (emphasis added).

The need for intervention in this case is clear. As the Supreme Court held in *Berger*, divided views and viewpoints among state actors can warrant participation by multiple state officials in federal court. This case presents precisely that issue: the Governor seeks to advance a position that the Attorney General, a defendant in this litigation, has concluded he cannot and seeks to assert the State of California's interest in ensuring parity between Code of Civil Procedure Section 1021.11, S.B. 1327's fee-shifting provision, and the corollary provision in S.B. 8, the Texas law on which S.B. 1327 was modeled.

The Attorney General, by contrast, has indicated that he will not defend the constitutionality of section 1021.11, a position he views as compelled by his own

7

assertions in other litigation challenging the legality of S.B. 8, Texas's abortion law that contains an identical fee-shifting provision, and on which S.B. 1327 was modeled. Def.'s Supp. Br., Dkt. 29, at 9; *see also* Sapp Decl., ¶ 3.

Because the Attorney General will not defend section 1021.11 on its merits, the Attorney General is unable to adequately advance the views and interests of the Governor in this litigation. These circumstances raise the same concerns that led the Supreme Court to find intervention appropriate in *Berger*, in which state legislative leaders sought to defend a constitutional challenge to North Carolina's voter identification law. In that case, the North Carolina Governor was a defendant, as was the State Board of Elections, a body comprised of gubernatorial appointees. The Governor refused to defend the constitutionality of the challenged law in that litigation and stated that the law was unconstitutional. *Berger*, 142 S. Ct. at 2205. The litigation strategy of the Board of Elections had also been informed by its own administrative concerns. *See id*. Reversing the Fourth Circuit, the Supreme Court held that the state's legislative leadership should have been permitted to intervene to defend the challenged law.

*Berger* is dispositive here. Not only does the Governor have a protectable interest in defending California's laws, he also wants to ensure that the courts reach decisions on the merits of the constitutional questions presented by Plaintiffs' challenge to S.B. 1327. Allowing him to intervene to defend S.B. 1327 best advances "the principle of party presentation" that is core to "our adversary system" of litigation, and it promotes informed federal court decision-making by avoiding the risk of setting aside a duly enacted state law based on an incomplete airing of relevant state interests. *Greenlaw v. United States*, 554 U.S. 237, 243 (2008).

## II. IN THE ALTERNATIVE, THE GOVERNOR IS ENTITLED TO BE GRANTED PERMISSIVE INTERVENTION

Federal Rule of Civil Procedure 24(b)(1) provides that "anyone" who "has a claim or defense that shares with the main action a common question of law or fact" may intervene in a matter. Under this test, permissive intervention requires a claim or defense sharing a common question of law or fact with the pending action, a timely motion, and an independent basis for jurisdiction over intervenor. *City of Los Angeles*, 288 F.3d at 403 (quoting *Northwest Forest Res. Council v. Glickman*, 82 F.3d 825, 839(1996)). When a proposed intervenor timely moves for permissive intervention, courts consider several factors, including:

> the nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case[,] . . . whether the intervenors' interests are adequately represented by other parties, whether intervention will prolong or unduly delay the litigation, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.
>
> *Perry v. Schwarzenegger*, 630 F.3d 898, 905 (9th Cir. 2011) (quoting *Spangler v. Pasadena Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977)).

The standard is met here in all of its particulars. The motion is timely and the Governor will contribute to the full development of the legal and factual issues before the Court. Moreover, the Governor has no plans to add to the issues before this Court and seeks leave to intervene only so that he may file a brief addressing the merits of the claims advanced by plaintiffs, in light of the notice provided by the Defendants that they will not defend the challenged statute on the merits. Accordingly, intervention is unlikely to enlarge the scope of the issues in this litigation.

## CONCLUSION

For these reasons, the Governor Gavin Newsom respectfully requests leave to intervene as a defendant in this case.

Dated:  December 9, 2022              Respectfully submitted,

OLSON REMCHO, LLP

s/ Robin B. Johansen
Attorneys for [Proposed] Intervenor
Governor Gavin Newsom
Email:  rjohansen@olsonremcho.com

(00478767-2)