C.D. Michel – SBN 144258
cmichel@michellawyers.com
Joshua Robert Dale – SBN 209942
jdale@michellawyers.com
Konstadinos T. Moros – SBN 306610
kmoros@michellawyers.com
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Blvd., Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Facsimile: (562) 216-4445
www.michellawyers.com

Attorneys for Plaintiffs South Bay Rod & Gun Club, Inc. Gary Brennan, Cory Henry, Patrick Lovette, Virginia Duncan, Randy Ricks, Gun Owners of California, Second Amendment Law Center, and California Rifle and Pistol Association, Incorporated

Donald Kilmer-SBN 179986
Law Offices of Donald Kilmer, APC
14085 Silver Ridge Road
Caldwell, Idaho 83607
Telephone: (408) 264-8489
Email: Don@DKLawOffice.com

Attorneys for Plaintiff Citizens Committee for the Right to Keep and Bear Arms

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SOUTH BAY ROD & GUN CLUB, INC.; GARY BRENNAN, an individual; CORY HENRY, an individual; PATRICK LOVETTE, an individual; VIRGINIA DUNCAN, an individual; RANDY RICKS, an individual; CITIZENS COMMITTEE FOR THE RIGHT TO KEEP AND BEAR ARMS; GUN OWNERS OF CALIFORNIA; SECOND AMENDMENT LAW CENTER; and CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED, <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT BONTA, in his official capacity as Attorney General of the State of California; and DOES 1-10, <br><br> Defendants. | **CASE NO: 3:22-cv-01461-RBM-WVG** <br><br> **DECLARATION OF JOSHUA ROBERT DALE IN SUPPORT OF PLAINTIFFS' REPLY TO DEFENDANT BONTA'S SUPPLEMENTAL BRIEF** <br><br> **Hearing Date: December 16, 2022** <br> **Courtroom: 5B** <br> **Judge: Hon. Roger T. Benitez** |

1  GAVIN NEWSOM, in his official
2  capacity as Governor of the State of
   California,
3
        Intervenor-Defendant.
4

6  / / /
7  / / /

I, Joshua Robert Dale, declare:

1. I am a member of the bars of the State of California and State of Nevada. I am an attorney at law duly licensed to practice in the State of California and before the District Court for the Southern District of California. I am counsel of record for South Bay Rod & Gun Club, Inc. Gary Brennan, Cory Henry, Patrick Lovette, Virginia Duncan, Randy Ricks, Gun Owners of California, Second Amendment Law Center, and California Rifle and Pistol Association, Incorporated in this action. I submit this declaration in support of Plaintiffs' Reply Brief to Defendant Bonta's Supplemental Brief Re Motion for Preliminary Injunction in this matter. I have personal knowledge of the facts stated below, and if I were to be called as a witness, I could and would competently testify under oath as to the matters herein.

2. I am also counsel for Plaintiffs in the *Lance Boland, et al. v. Robert Bonta, et al.*, Case No. 8:22-cv-01421 (C.D. Cal.)  In that matter, I filed an initial complaint on behalf of several plaintiffs suing Attorney General Bonta challenging California's Unsafe Handgun Act ("UHA") under two theories: (1) that the UHA violated the Second Amendment under the recently-recognized historical analogues analysis; and (2) that the disparate treatment to out-of-state vendors who wanted to sell firearms to California residents and the inability of California residents to purchase firearms from out-of-state retailers violated the Dormant Commerce Clause.

3. I attempted to locate out-of-state manufacturers, distributors, or retailers of firearms who wanted to participate in the lawsuit as plaintiffs, but was unable to do so.

4. Following the filing of the *Boland* complaint, Deputy Attorney General Rob Meyerhoff contacted me to conduct a meet-and-confer teleconference regarding Defendant's intention to file a motion to dismiss under FRCP 12(b)(6) against the second claim in the complaint, the Dormant Commerce Clause

1  challenge. During that teleconference, Mr. Meyerhoff explained Defendant's
2  theories as to why the second claim for violation of the Dormant Commerce Clause
3  should be dismissed. Following review of authorities he supplied me via email to
4  support his client's position, I decided that while my clients did have valid and
5  persuasive arguments for standing as to a Dormant Commerce Clause claim, an out-
6  of-state manufacturer, distributor, or retailer might have a better argument for
7  standing and their participation would afford a greater opportunity for success in
8  challenging the UHA on Dormant Commerce Clause grounds. Therefore, a
9  strategic decision was made to dismiss the Dormant Commerce Clause claim,
10 proceed with the Second Amendment claim to the UHA, and reraise the Dormant
11 Commerce Clause claim at a later date once an out-of-state manufacturer,
12 distributor, or retailer had agreed to participate in the litigation.

13       5.     Unlike prior Second Amendment cases and other civil rights cases I
14 have litigated on behalf of plaintiffs in the past, because of the passage of California
15 Senate Bill 1327 and its new Code of Civil Procedure section 1021.11 fee-shifting
16 provision, I could not voluntarily dismiss the Dormant Commerce Clause claim at
17 the pleading stage and proceed with the Second Amendment claim without
18 automatically imposing on both myself and my clients monetary liability for the
19 Defendant's fees in the *Boland* matter as a "not fully prevailing" party. Given this,
20 on September 19, 2022 I sent an email to Meyerhoff relaying that my clients were
21 willing to dismiss the Dormant Commerce Clause claim in response to his meet-
22 and-confer, but pointing out our wariness in doing so in light of the application of
23 Section 1021.11 to that dismissal as cresting "prevailing party" status for
24 Defendant.

25       6.     Attached hereto as Exhibit "A" is a true and correct copy of my email
26 exchange with Meyerhoff from September 19th through September 22nd regarding
27 my clients' willingness to dismiss the Dormant Commerce Clause claim at the
28 pleading stage, and Defendant's condition for waiving a claim for fees under

Section 1021.11 if we did so.

7.  I have handled approximately three dozen cases on behalf of civil rights plaintiffs asserting claims under 42 U.S.C. §§ 1983 & 1988 in my 20-plus-year career.  The dismissal of the second claim in the *Boland* matter is the first time I have ever dismissed a § 1988 claim at the pleading stage with prejudice.

8.  Because of Section 1021.11 and my experience in the *Boland* matter, going forward on firearms law challenges under §§ 1983 & 1988, I am wary of pleading on behalf of clients an array of novel and potentially meritorious constitutional theories that might be the basis for enjoining unjust firearms laws and regulations.  This is unfortunate for my clients, because in my experience, novel areas of constitutional law, such as the Second Amendment, often require exploration of many constitutional doctrines to determine if a law or restriction comports with all such doctrines.  The lack of much settled law in Second Amendment jurisprudence, with the significant silence of Supreme Court rulings on the Second Amendment between the 1939 *United States v. Miller* case and the 2008 *Heller v. District of Columbia* case, means that there is very little guidance on which constitutional doctrines—e.g., Equal Protection, Privileges and Immunities, the Dormant Commerce Clause—provide protection to individuals seeking to exercise their Second Amendment self defense rights.  Further, to the extent that these other constitutional doctrines intersect with the Second Amendment, and the Supreme Court has recently provided more guidance of the scope of the individual Second Amendment right, it is also unclear to me as a practitioner the degree to which each of those doctrines afford protections to those exercising their Second Amendment rights.

9.  Absent Section 1021.11, which essentially punishes litigants and their counsel for probing in litigation these unexplored areas of jurisprudence regarding the Second Amendment in a way no other right or constitutional doctrine is punished or dissuaded for a similar exploration in litigation, I would feel

unencumbered to counsel my clients on all novel and potentially meritorious arguments that those clients might advance to vindicate their Second Amendment rights in litigation against the government. But given that any one novel theory, no matter how potentially meritorious, can result in both me and my clients paying the government's attorney's fees and costs if a court does not agree that it has merit—or if I am acting in good faith but am just plain wrong—I feel constrained to counsel my clients to only plead narrowly, or to not plead at all. Thus, I do not believe I am fulfilling my ethical obligation to act in my client's best interests when counseling them on Second Amendment challenges, in that I have a wife, school-aged children, a mortgage, and other bills, and the specter of personally owing hundreds of thousands of dollars to a government entity for representing a client on a Second Amendment case advancing a novel theory no doubt colors the advice I give to those clients about what to plead, no matter how ethical, brave, or iconoclastic I believe I might be.

    I declare under penalty of perjury of the laws of the State of California and the United States that the foregoing is true and correct. Executed within the United States on December 13, 2022.

*s/Joshua Robert Dale*
Joshua Robert Dale, declarant

# EXHIBITS
# TABLE OF CONTENTS

| EXH NO. | DESCRIPTION | PAGE NO. |
|---|---|---|
| A | True and correct copy of email exchange with Meyerhoff from September 19th through September 22nd | 8 |

# EXHIBIT A

# Joshua Robert Dale

| | |
|---|---|
| **From:** | Joshua Robert Dale |
| **Sent:** | Thursday, September 22, 2022 11:29 AM |
| **To:** | Robert Meyerhoff |
| **Subject:** | RE: Further meet-and-confer on defendant's proposed Rule 12 motion [MA-Interwoven.FID88338] |

We will file the dismissal today and the amended complaint tomorrow.



**Joshua Robert Dale**
Partner

MICHEL & ASSOCIATES, P.C.
Attorneys at Law
Environmental - Land Use - Firearms - Employment Law
Civil Litigation - Criminal Defense

Direct: (562) 216-4448
Main: (562) 216-4444
Fax: (562) 216-4445
Email: jdale@michellawyers.com
Web: www.michellawyers.com

180 E. Ocean Blvd.
Suite 200
Long Beach, CA 90802

This e-mail is confidential and is legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. To do so could violate state and Federal privacy laws. Thank you for your cooperation. Please contact Michel & Associates, PC at (562) 216-4444 if you need assistance.

**From:** Robert Meyerhoff <Robert.Meyerhoff@doj.ca.gov>
**Sent:** Tuesday, September 20, 2022 3:32 PM
**To:** Joshua Robert Dale <jdale@michellawyers.com>
**Subject:** Re: Further meet-and-confer on defendant's proposed Rule 12 motion

Joshua,

We will agree to not seek fees and costs as the prevailing party pursuant to Code of Civil Procedure section 1021.11 on (a) the claim for monetary damages, and (b) the dormant Commerce Clause claim, if you dismiss those claims with prejudice prior to our responding to the initial complaint.

Will you be able to file a First Amended Complaint by Friday (our current deadline to respond to the initial complaint)?

Thank you,
Rob

**From:** Joshua Robert Dale <jdale@michellawyers.com>
**Sent:** Monday, September 19, 2022 3:05 PM

1

**To:** Robert Meyerhoff
**Subject:** Further meet-and-confer on defendant's proposed Rule 12 motion

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Rob-

Thank you for the productive call last week. I've reviewed the authority you provided. We are willing to amend the complaint to remove the monetary damages prayer and remove the second cause of action for violation of the dormant commerce clause. However, because the upcoming application of SB 1327 negatively impacts our clients if we voluntarily dismiss claims in this matter, as a condition of dismissing/amending at this point, we would need the state to stipulate to waive any claim for fees as a prevailing party under CCP section 1021.11 based solely on our voluntary dismissal of these claims and prayer during the pleading stage.

If you want to talk about this, I'm around for the next couple of hours as well as most of tomorrow.

**Joshua Robert Dale**
Partner



Direct: (562) 216-4448
Main: (562) 216-4444
Fax:  (562) 216-4445
Email: JDale@michellawyers.com
Web: www.michellawyers.com

180 E. Ocean Blvd.
Suite 200
Long Beach, CA 90802

This e-mail is confidential and is legally privileged.  If you have received it in error, you are on notice of its status.  Please notify us immediately by reply e-mail and then delete this message from your system.  Please do not copy it or use it for any purposes, or disclose its contents to any other person.  To do so could violate state and Federal privacy laws.  Thank you for your cooperation.  Please contact Michel & Associates, PC at (562) 216-4444 if you need assistance.

**Joshua Robert Dale**
Partner

Direct: (562) 216-4448
Main: (562) 216-4444
Fax: (562) 216-4445
Email: jdale@michellawyers.com
Web: www.michellawyers.com

180 E. Ocean Blvd.
Suite 200
Long Beach, CA 90802

This e-mail is confidential and is legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. To do so could violate state and Federal privacy laws. Thank you for your cooperation. Please contact Michel & Associates, PC at (562) 216-4444 if you need assistance.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

2

# CERTIFICATE OF SERVICE
## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

Case Name: *South Bay Rod & Gun Club, Inc. v. Bonta*
Case No.: 3:22-cv-01461-RBM-WVG

IT IS HEREBY CERTIFIED THAT:

    I, the undersigned, declare under penalty of perjury that I am a citizen of the United States over 18 years of age. My business address is 180 East Ocean Boulevard, Suite 200 Long Beach, CA 90802. I am not a party to the above-entitled action.

    I have caused service of the following documents, described as:

**DECLARATION OF JOSHUA ROBERT DALE IN SUPPORT OF PLAINTIFFS' REPLY TO DEFENDANT BONTA'S SUPPLEMENTAL BRIEF**

on the following parties by electronically filing the foregoing on December 13, 2022 with the Clerk of the District Court using its ECF System, which electronically notifies them.

| | |
|---|---|
| Elizabeth Watson<br>Elizabeth.Watson@doj.ca.gov<br>Ryan Richard Davis<br>Ryan.Davis@doj.ca.gov<br>1300 I Street, Suite 125<br>Sacramento, CA 95814 | Bradley A. Benbrook<br>Stephen M. Duvernay<br>Benbrook Law Group, PC<br>701 University Avenue, Suite 106<br>Sacramento, CA 95825<br>brad@benbrooklawgroup.com |
| David H. Thompson<br>Peter A. Patterson<br>Joseph O. Masterman<br>Cooper & Kirk, PLLC<br>1523 Hampshire Avenue, NW<br>Washington, DC 20036<br>dthompson@cooperkirk.com | Robin B. Johansen<br>Thomas A. Willis<br>Kristen Mah Rogers<br>Inez Kaminski<br>Olson Remcho, LLP<br>1901 Harrison Street, Suite 1550<br>Oakland, CA 94612<br>twillis@olsonremcho.com |

CERTIFICATE OF SERVICE

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 13, 2022, at Long Beach, CA.

*/s/Christina Castron*
CHRISTINA CASTRON

CERTIFICATE OF SERVICE