C. D. Michel – SBN 144258
cmichel@michellawyers.com
Joshua Robert Dale – SBN 209942
jdale@michellawyers.com
Konstadinos T. Moros – SBN 306610
kmoros@michellawyers.com
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Blvd., Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Facsimile: (562) 216-4445
www.michellawyers.com

Attorneys for Plaintiffs South Bay Rod & Gun Club, Inc. Gary Brennan, Cory Henry, Patrick Lovette, Virginia Duncan, Randy Ricks, Gun Owners of California, Second Amendment Law Center, and California Rifle and Pistol Association, Incorporated

Donald Kilmer-SBN 179986
Law Offices of Donald Kilmer, APC
14085 Silver Ridge Road
Caldwell, Idaho 83607
Telephone: (408) 264-8489
Email: Don@DKLawOffice.com

Attorneys for Plaintiff Citizens Committee for the Right to Keep and Bear Arms

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SOUTH BAY ROD & GUN CLUB, INC.; GARY BRENNAN, an individual; CORY HENRY, an individual; PATRICK LOVETTE, an individual; VIRGINIA DUNCAN, an individual; RANDY RICKS, an individual; CITIZENS COMMITTEE FOR THE RIGHT TO KEEP AND BEAR ARMS; GUN OWNERS OF CALIFORNIA; SECOND AMENDMENT LAW CENTER; and CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT BONTA, in his official capacity as Attorney General of the State of California; and DOES 1-10,<br><br>Defendants. | **CASE NO: 22CV1461-JO-WVG**<br><br>**DECLARATION OF JASON DAVIS IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>DATE: December 16, 2022<br>TIME:<br>COURTROOM: 5A (5th Floor) |

# DECLARATION OF JASON DAVIS

1. I, JASON DAVIS, declare that I am an attorney licensed to practice law in California (SBN: 224250).

2. I am co-counsel in the matter of *Roe, et al., v. United States, et al.,* Case No.: 1:19-cv-270-DAD-BAM, representing plaintiffs, which is currenting pending the Eastern District of California. California Attorney General Rob Bonta (in his official capacity) is a named defendant in that case.

3. I am familiar with the case and the correspondence in that case between counsel.

4. The case is currently under submission on cross-motions for summary judgment.

5. On October 10, 2022, lead trial counsel (Donald Kilmer) sent an email to Deputy Attorney General Jerry Yen asking if his office would stipulated to a waiver of the application of SB-1327's amendments to CCP § 1021.11 in the *Roe* case.

6. On October 17, 2022, the Attorney General's office responded with a request to review a draft stipulation.

7. A draft stipulation was provided on October 25, 2022.

8. On November 15, 2022, the Attorney General's office declined to enter into a stipulation.

9. On that same day, lead trial counsel asked what assurances the Attorney General's office could make that would be binding on Mr. Bonta's successor; and he also offered to redraft the stipulation to accommodate any objections by the Attorney General's office.

10. No response has been made by the Attorney General's office to this inquiry since the November 15, 2022 email to that office.

11. Attached as Exhibit A to this declaration is a true and correct copy of that email correspondence.

| | |
|---|---|
| 1 | I declare under penalty of perjury of the laws of the State of California and |
| 2 | the United States that the foregoing is true and correct. |
| 3 | Executed on December 9, 2022. |
| 4 | /s/ Jason Davis |
| | Jason Davis, Attorney at Law |

# EXHIBITS
# TABLE OF CONTENTS

| EXH NO. | DESCRIPTION | PAGE NO. |
|---|---|---|
| A | True and correct copy of email exchange between lead trial counsel Donald Kilmer and Attorney General's office from October 10th through November 15th | 5 |

# EXHIBIT A

**From:** Donald Kilmer don@dklawoffice.com
**Subject:** Re: Roe, et al., v. U.S., et al | Interaction with SB-1327 - Amendments to CCP s 1021.11
**Date:** November 15, 2022 at 5:12 PM
**To:** Jerry Yen Jerry.Yen@doj.ca.gov
**Cc:** Tomlinson, Martin M. (CIV) Martin.M.Tomlinson@usdoj.gov, Jessica Danielski jessica@dklawoffice.com, Jason Davis jason@calgunlawyers.com



Jerry —

Thanks for getting back me. Do you have some authority that indicates your personal promise to me would be binding on your successor?
Or even a successor Attorney General if Mr. Bonta leaves that office?

And if your office does not intend to seek fees in this case (on the off chance that you win), does that also mean you will not seek to mitigate your client's liability using the draconian "prevailing party" doctrine enunciated in this law?

If this is your client's position, I don't understand your client's reluctance to make it an enforceable agreement. It clears up ambiguity and removes doubt.

Is there some different language that would work?

Thanks.

Don

Donald Kilmer, Attorney at Law
Idaho State Bar No.: 11429
California State Bar No.: 179986
Washington State Bar No.: 56598
14085 Silver Ridge Road
Caldwell, Idaho  83607
Phone: (408) 264-8489
Email: don@dklawoffice.com

Coauthor of Law School Casebook: Firearms Law and the Second Amendment: Regulation, Rights, and Policy. 3rd ed. Aspen Publishing. ISBN: 9781543826814

This is my law firm account for matters pending only in those jurisdictions where Donald Kilmer is admitted to practice. This account is also used for correspondence relating to subject matters handled by my firm. Such correspondence DOES NOT establish an attorney-client relationship with any person or organization until/unless a written agreement of representation is created and signed by both attorney and client.

Clients should take all precautions to ensure that all communications between attorney and client remains confidential. (e.g., Do not use "reply all" when responding to forwarded correspondence from opposing counsel.)

If this correspondence is about a legal matter, opposing counsel should assume that my clients are blind copied & forwarded all correspondence.

Finally — This email may be protected by attorney/client privilege. Inadvertent disclosures are NOT waivers of any privileges.

Sent from Don Kilmer's MacBook Pro

> On Nov 15, 2022, at 5:02 PM, Jerry Yen <Jerry.Yen@doj.ca.gov> wrote:
>
> Thanks for the draft, Don.  After discussing internally, we don't think a stipulation is needed for this case given that we have not indicated that we will be seeking fees or that fees will even be an issue in this case.

an issue in this case.

**From:** Donald Kilmer <don@dklawoffice.com>
**Sent:** Tuesday, October 25, 2022 9:01 AM
**To:** Jerry Yen <Jerry.Yen@doj.ca.gov>
**Cc:** Tomlinson, Martin M. (CIV) <Martin.M.Tomlinson@usdoj.gov>; Jessica Danielski <jessica@dklawoffice.com>; Jason Davis <jason@calgunlawyers.com>
**Subject:** Re: Roe, et al., v. U.S., et al | Interaction with SB-1327 - Amendments to CCP s 1021.11

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Jerry (and Martin) —

Please take a look at this draft stipulation and get back to me.  Thanks.

Don

Donald Kilmer, Attorney at Law
Idaho State Bar No.: 11429
California State Bar No.: 179986
Washington State Bar No.: 56598
14085 Silver Ridge Road
Caldwell, Idaho  83607
Phone: (408) 264-8489
Email: don@dklawoffice.com

Coauthor of Law School Casebook: Firearms Law and the Second Amendment: Regulation, Rights, and Policy. 3rd ed. Aspen Publishing. ISBN: 9781543826814

This is my law firm account for matters pending only in those jurisdictions where Donald Kilmer is admitted to practice. This account is also used for correspondence relating to subject matters handled by my firm. Such correspondence DOES NOT establish an attorney-client relationship with any person or organization until/unless a written agreement of representation is created and signed by both attorney and client.

Clients should take all precautions to ensure that all communications between attorney and client remains confidential. (e.g., Do not use "reply all" when responding to forwarded correspondence from opposing counsel.)

If this correspondence is about a legal matter, opposing counsel should assume that my clients are blind copied & forwarded all correspondence.

Finally — This email may be protected by attorney/client privilege. Inadvertent disclosures are NOT waivers of any privileges.

Sent from Don Kilmer's MacBook Pro

> On Oct 17, 2022, at 10:48 AM, Donald Kilmer <don@dklawoffice.com> wrote:

7

Jerry —

Thanks for getting back to me. I will get one ready ASAP.

I appreciate your response.

Donald Kilmer, Attorney at Law
Idaho State Bar No.: 11429
California State Bar No.: 179986
Washington State Bar No.: 56598
14085 Silver Ridge Road
Caldwell, Idaho  83607
Phone: (408) 264-8489
Email: don@dklawoffice.com

Coauthor of Law School Casebook: Firearms Law and the Second Amendment: Regulation, Rights, and Policy. 3rd ed. Aspen Publishing. ISBN: 9781543826814

This is my law firm account for matters pending only in those jurisdictions where Donald Kilmer is admitted to practice. This account is also used for correspondence relating to subject matters handled by my firm. Such correspondence DOES NOT establish an attorney-client relationship with any person or organization until/unless a written agreement of representation is created and signed by both attorney and client.

Clients should take all precautions to ensure that all communications between attorney and client remains confidential. (e.g., Do not use "reply all" when responding to forwarded correspondence from opposing counsel.)

If this correspondence is about a legal matter, opposing counsel should assume that my clients are blind copied & forwarded all correspondence.

Finally — This email may be protected by attorney/client privilege. Inadvertent disclosures are NOT waivers of any privileges.

Sent from Don Kilmer's MacBook Pro

> On Oct 17, 2022, at 10:42 AM, Jerry Yen <Jerry.Yen@doj.ca.gov> wrote:
>
> Don,
>
> As part of our internal discussions about your proposal, it would be helpful if we had a draft of the proposed stipulation.  Could you circulate one for us to review?
>
> Thanks,
> Jerry
>
> **From:** Donald Kilmer <don@dklawoffice.com>
> **Sent:** Monday, October 10, 2022 2:14 PM
> **To:** Tomlinson, Martin M. (CIV) <Martin.M.Tomlinson@usdoj.gov>; Jerry Yen <Jerry.Yen@doj.ca.gov>
> **Cc:** Jessica Danielski <jessica@dklawoffice.com>; Jason Davis <jason@calgunlawyers.com>
> **Subject:** Roe, et al., v. U.S., et al | Interaction with SB-1327 -

**Subject:** Roe, et al., v. U.S., et al / interaction with SB-1327 Amendments to CCP s 1021.11

> **EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Gentlemen —

I'm not sure this applies to the United States Defendants, but Martin should be kept abreast of activities in this case, and in an abundance of caution, I would like to get his assent to the remedy I propose below. So this is primarily directed to Jerry.

As the California AG's office is no doubt aware, the California Legislature has put the Attorney General's Office in a very difficult position with SB-1327.
[https://leginfo.legislature.ca.gov/faces/billNavClient.xhtml?bill_id=202120220SB1327]

The problem I would like to bring to your attention has nothing to do with the private right of action for suing gun maker for crimes committed with so-called assault weapons and ghost guns. But Section 2 of this law also amends Califronia Code of Civil Procedure Section 1021.11. This amendment gives enormous — and in my opinion unconstitutional — leverage to government lawyers defending California (and any of its political subdivisions) gun laws. I am aware of at least two lawsuits challenging only Section 2 of SB-1327 (the amendments to CCP s 1021.11) that have been filed in the Southern District of California.

1. *South Bay Rod & Gun Club, Inc., et al., v. Bonta, et al.*, Case No.: 3:22-cv-01461-JO-WVG. [I am counsel of record for one of the plaintiffs in that case.]
2. *Miller, et al., v. Bonta, et al*., Case No.: 22-dv-1446 RSH-DEB.

The second case (*Miller*) has already been related to the *Miller* assault weapons case that was remanded to Judge Benitez.
The first case (*South Bay*) has a pending notice of related case to the *Duncan* magazine case that was also remanded to Judge Benitez.

The legislative history of SB-1327 is rife with warning from the lawyers advising the CA Senate that the amendments to CCP s 1021.11 are vulnerable to constitutional challenge. But the legislature passed the bill anyway and Governor Newsom signed it, so now it's the CA AG's problem.

Why do I say that?

A. The CA AG has already filed a brief with United States Supreme Court arguing that the Texas version of CCP s 1021.11 fee-shirting provsions, is unconstitutional. *See Br. of Mass. et al. as Amici Curiae in Supp. of Pet'rs at 21, Whole Woman's Health v. Jackson*, 142 S. Ct. 522 (2021). And since SB-1327 is a retaliatory political stunt modeled on Texas' SB-8, its kind of tough for the AG's office to argue that the same policy is constitutional here in CA, as long as it applies to gun rights litigation in

lieu of abortion rights litigation. Furthermore, as lawyers we know that the Supreme Court's denial of certiorari in *Jackson* has no value as precedent, even if California's Governor remains ignorant of that fact. Which invites the question: How does any attorney working under Rob Bonta comply with Fed. R. Civ. P. 11, and argue that SB-1327's amendments to CCP s 1021.11 are constitutional?

B. Furthermore, including only plaintiffs' counsel as "jointly and severally liable" under CCP s 1021.11's perverse "prevailing party" rules, while putting those plaintiffs' lawyers at an extreme disadvantage, also puts the government's lawyers in an ethical quandary. How do government lawyers zealously represent their clients without running afoul of the California Rules of Professional Conduct. Especially Rule 3.10. Threatening personal pecuniary penalties against opposing counsel, as leverage to settle a case — and I would argue that this includes implied threats -- arguably violates the rule.

This is not a slam on government lawyers. My clients and I have received fair treatment from most government lawyers we've dealt with over the years. But the political stunt that inspired the Califronia (and Texas for that matter) legislature to impose the fee-shifting policies of SB-1327 by amending CCP s 1021.11 is such an abomination, that it wouldn't surprise me to learn that the Rob Bonta follows in the footsteps of his predecessor Jerry Brown, and simply refuses to defend the law. *See Perry v. Brown*, 671 F.3d 1051, 1071, fn. 9 (9th Cir. 2012), *vacated and remanded, Hollingsworth v. Perry*, 570 U.S. 693 (2013), *on remand, appeal dismissed, Perry v. Brown*, 725 F.3d 1140 (9th Cir. 2013).

Which brings me to the point of this email.

I would like to prepare a stipulation that neither the California or U.S. Defendants will seek fees and costs under this new law in this case. The law takes effect on January 1, 2023.

First of all, I'm not sure that the new CCP s 1021.11 (assuming it survives) would apply to this case. We are not challenging any "gun law" that prevents those with adjudicated mental health holds from obtaining guns. So we are not challenging a gun law under CCP s 1021.11 definitions. We are challenging the lack of a restoration remedy that perversly exists under both U.S. law, and under CA law, but due to a failure of comity, still leaves my clients without a remedy. So this has always been a procedural due process case, and not a straight up challenge to a gun law. But these are crazy times. So in an abundance of caution, I would to obtain a waiver of rights under CCP s 1021.11 from both sets of defendants.

If you both agree, I can prepare the stipulation.

Thank you for your time and attention.

Donald Kilmer, Attorney at Law
Idaho State Bar No.: 11429
California State Bar No.: 179986

Washington State Bar No.: 56598
14085 Silver Ridge Road
Caldwell, Idaho  83607
Phone: (408) 264-8489
Email: don@dklawoffice.com

Coauthor of Law School Casebook: Firearms Law and the Second Amendment: Regulation, Rights, and Policy. 3rd ed. Aspen Publishing. ISBN: 9781543826814

This is my law firm account for matters pending only in those jurisdictions where Donald Kilmer is admitted to practice. This account is also used for correspondence relating to subject matters handled by my firm. Such correspondence DOES NOT establish an attorney-client relationship with any person or organization until/unless a written agreement of representation is created and signed by both attorney and client.

Clients should take all precautions to ensure that all communications between attorney and client remains confidential. (e.g., Do not use "reply all" when responding to forwarded correspondence from opposing counsel.)

If this correspondence is about a legal matter, opposing counsel should assume that my clients are blind copied & forwarded all correspondence.

Finally — This email may be protected by attorney/client privilege. Inadvertent disclosures are NOT waivers of any privileges.

Sent from Don Kilmer's MacBook Pro

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.


CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

# CERTIFICATE OF SERVICE
## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

Case Name: *South Bay Rod & Gun Club, Inc. v. Bonta*
Case No.: 3:22-cv-01461-RBM-WVG

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, declare under penalty of perjury that I am a citizen of the United States over 18 years of age. My business address is 180 East Ocean Boulevard, Suite 200 Long Beach, CA 90802. I am not a party to the above-entitled action.

I have caused service of the following documents, described as:

**DECLARATION OF JASON DAVIS IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

on the following parties by electronically filing the foregoing on December 13, 2022 with the Clerk of the District Court using its ECF System, which electronically notifies them.

| | |
|---|---|
| Elizabeth Watson<br>Elizabeth.Watson@doj.ca.gov<br>Ryan Richard Davis<br>Ryan.Davis@doj.ca.gov<br>1300 I Street, Suite 125<br>Sacramento, CA 95814 | Bradley A. Benbrook<br>Stephen M. Duvernay<br>Benbrook Law Group, PC<br>701 University Avenue, Suite 106<br>Sacramento, CA 95825<br>brad@benbrooklawgroup.com |
| David H. Thompson<br>Peter A. Patterson<br>Joseph O. Masterman<br>Cooper & Kirk, PLLC<br>1523 Hampshire Avenue, NW<br>Washington, DC 20036<br>dthompson@cooperkirk.com | Robin B. Johansen<br>Thomas A. Willis<br>Kristen Mah Rogers<br>Inez Kaminski<br>Olson Remcho, LLP<br>1901 Harrison Street, Suite 1550<br>Oakland, CA 94612<br>twillis@olsonremcho.com |

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 13, 2022, at Long Beach, CA.

*/s/Christina Castron*
CHRISTINA CASTRON

CERTIFICATE OF SERVICE