C. D. Michel – SBN 144258
cmichel@michellawyers.com
Joshua Robert Dale – SBN 209942
jdale@michellawyers.com
Konstadinos T. Moros – SBN 306610
kmoros@michellawyers.com
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Blvd., Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Facsimile: (562) 216-4445
www.michellawyers.com

Attorneys for Plaintiffs South Bay Rod & Gun Club, Inc. Gary Brennan, Cory Henry, Patrick Lovette, Virginia Duncan, Randy Ricks, Gun Owners of California, Second Amendment Law Center, and California Rifle and Pistol Association, Incorporated

Donald Kilmer-SBN 179986
Law Offices of Donald Kilmer, APC
14085 Silver Ridge Road
Caldwell, Idaho 83607
Telephone: (408) 264-8489
Email: Don@DKLawOffice.com

Attorneys for Plaintiff Citizens Committee for the Right to Keep and Bear Arms

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SOUTH BAY ROD & GUN CLUB, INC.; GARY BRENNAN, an individual; CORY HENRY, an individual; PATRICK LOVETTE, an individual; VIRGINIA DUNCAN, an individual; RANDY RICKS, an individual; CITIZENS COMMITTEE FOR THE RIGHT TO KEEP AND BEAR ARMS; GUN OWNERS OF CALIFORNIA; SECOND AMENDMENT LAW CENTER; and CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED,<br><br>Plaintiffs,<br>v.<br><br>ROBERT BONTA, in his official capacity as Attorney General of the State of California; and DOES 1-10,<br><br>Defendants. | **CASE NO: 3:22-cv-01461-RBM-WVG**<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFFS' REPLY TO DEFENDANT BONTA'S SUPPLEMENTAL BRIEF**<br><br>**Bench Trial Date: December 16, 2022**<br>**Courtroom: 5B**<br>**Judge: Hon. Roger T. Benitez** |

| | |
|---|---|
| 1<br>2<br>3 | GAVIN NEWSOM, in his official capacity as Governor of the State of California,<br><br>  Intervenor-Defendant. |

4

5   TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:

6      Under Federal Rule of Evidence 201, Plaintiffs South Bay Rod & Gun Club, Inc., Gary Brennan, Cory Henry, Patrick Lovette, Virginia Duncan, Randy Ricks, Citizens Committee for the Right to Keep and Bear Arms, Gun Owners of California, Second Amendment Law Center, and California Rifle and Pistol Association, Incorporated, respectfully request that the Court take judicial notice of the following documents or facts in support of Plaintiffs' Reply to Defendant Bonta's Supplement Brief Re Motion for Preliminary Injunction:

   1.   **Order Denying Preliminary Injunction** – filed in *Abrera v. Newsom*, Case No. 2:22-cv-1162 (E.D. Cal. Dec. 8, 2022) (Dkt No. 29 thereof). A true and correct copy of this document is attached hereto as Exhibit "A."

   2.   **Notice of Appearance of Counsel** - Filed in *G. Mitchell Kirk, et al. v. City of Morgan Hill, et al.,* Santa Clara County Superior Court Case No. 19CV346360 (May 21, 2019). A true and correct copy of this document is attached hereto as Exhibit "B."

   Federal Rule of Evidence 201 allows the Court to notice a fact if it is not subject to reasonable dispute such that it is generally known or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. A court shall take judicial notice of such a fact if requested by a party and supplied with the necessary information. FED. R. EVID. 201(d). In addition, the Court may take judicial notice of court records. *Brooks v. Y.Y.G.M. SA*, No. 2:21-cv-00078, 2021 U.S. Dist. LEXIS 225412, at *2-3 (E.D. Cal. Nov. 22, 2021) (citing *BP W. Coast Prods. LLC v. Greene*, 318 F. Supp. 2d 987, 994 (E.D. Cal. 2004)).

Here, Plaintiffs request judicial notice of two court records. Exhibit "A" is a recent preliminary injunction ruling in a case being heard in the Eastern District of California that also concerns California Code of Civil Procedure section 1021.11. Exhibit "B" is a notice of appearance filed on behalf of Defendants in a state court matter challenging a local firearm ordinance.

Respectfully submitted,

Dated: December 13, 2022    **MICHEL & ASSOCIATES, P.C.**

/s/ C.D. Michel
For Plaintiffs South Bay Rod & Gun Club, Inc. Gary Brennan, Cory Henry, Patrick Lovette, Virginia Duncan, Randy Ricks, Gun Owners of California, Second Amendment Law Center, and California Rifle and Pistol Association, Incorporated

**Law Offices of Donald Kilmer, APC**

/s/ Don Kilmer
For Plaintiff Citizens Committee for the Right to Keep and Bear Arms

# EXHIBITS
## TABLE OF CONTENTS

| EXH NO. | DESCRIPTION | PAGE NO. |
|---|---|---|
| A | Order Denying Preliminary Injunction – filed in *Abrera v. Newsom*, Case No. 2:22-cv-1162 (E.D. Cal. Dec. 8, 2022) (Dkt No. 29 thereof) | 5 |
| B | Notice of Appearance of Counsel - Filed in *G. Mitchell Kirk, et al. v. City of Morgan Hill, et al.,* Santa Clara County Superior Court Case No. 19CV346360 (May 21, 2019) | 14 |

# EXHIBIT A

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNOLD ABRERA,<br><br>        Plaintiff,<br><br>  v.<br><br>GAVIN NEWSOM, in his official capacity as Governor of the State of California; ROB BONTA, in his official capacity as Attorney General of the State of California, et al.,<br><br>        Defendants. | No.  2:22-cv-01162-JAM-DB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

    Arnold Abrera ("Plaintiff") petitions the Court to enjoin Governor Gavin Newsom and California Attorney General Rob Bonta ("Defendants") from enforcing California Code of Civil Procedure § 1021.11 (enacted under Senate Bill No. 1327) against Plaintiff and the citizens of California.  See Mot. for Preliminary Inj. ("Mot."), ECF No. 19.  Plaintiff contends that the statute's fee-shifting provision constitutes an unprecedented, unconstitutional attack on the Second Amendment and those who wish to bring non-frivolous claims to enforce their right to bear arms for lawful

1

purposes. Id. at 3-4. Defendants oppose the motion on both the merits and standing grounds, noting their commitment to not enforce the statute against Plaintiff in this action or any related cases. See Opp'n, ECF No. 22, at 1. Plaintiff replied. See Reply, ECF No. 24.

For the reasons set forth below, this Court DENIES Plaintiff's motion for preliminary injunction.[1]

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff's firearms, two handguns and two semi-automatic rifles, were seized from his home after officers responded to a suicide threat from Plaintiff's wife; the seizure occurred pursuant to California Welfare and Institutions Code §§ 5150, 8102, and 8103. Mot. at 2. Shortly thereafter, Plaintiff filed a complaint against Defendants and other state parties, alleging that the seizure violated his Second Amendment rights. See Compl., ECF No. 1. Several months later, Plaintiff filed the operative first amended complaint ("FAC"), adding causes of action challenging § 1021.11, which covers the fee-shifting provisions in Senate Bill No. 1327. See FAC, ECF No. 16. § 1021.11 permits state entities and officials charged with enforcing laws that regulate or restrict firearms to collect attorney's fees and costs from any person or entity who pursues declaratory or injunctive relief against the enforcement of those laws if the state is the prevailing party; the state may seek

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for November 15, 2022.

2

these costs and fees within three years of the date when the dismissal or denial of relief became final on appellate review or when the time for seeking appellate review expires. Cal. Civ. Pro. Code § 1021.11.

A couple of weeks after filing the FAC, Plaintiff requested by e-mail that Defendants waive enforcement of § 1021.11 against Plaintiff and his counsel for all of Plaintiff's past, current, and future litigation related to this case. Opp'n at 3. Defendants replied that they would waive enforcement if Plaintiff agreed to withdraw his claims for relief related to § 1021.11, which Plaintiff rejected. Id. at 3-4. A couple of weeks later, Plaintiff filed this motion for preliminary injunction seeking to enjoin Defendants' enforcement of § 1021.11. Id. at 4. Shortly thereafter, Defendants claim that they notified Plaintiff's counsel that they would not enforce the statute against Plaintiff in any litigation related to this action, regardless of whether or not Plaintiff amended the FAC; Defendants reiterated this commitment several days later in response to Plaintiff's statement that he planned to continue with this motion for preliminary injunction. Id. at 4-5. Plaintiff contends that Defendants have stated that they do intend to proceed with enforcement of § 1021.11 against Plaintiff unless Plaintiff withdraws this motion. Mot. at 6. On October 20, 2022, Defendants filed their opposition brief, arguing that (1) Plaintiff lacks standing and (2) Plaintiff has alleged insufficient facts to establish the requisite elements for a preliminary injunction. See Opp'n. Plaintiff replied. See Reply.

3

II.   OPINION

A.   Legal Standard

A defendant may move to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Fed. R. Civ. P. 12(b)(1).

If a plaintiff lacks standing, then the Court lacks subject-matter jurisdiction, and the case must be dismissed. See Maya v. Centex Corp., 658 F.3d 1060, 1067 (9th Cir. 2011). Once a party has moved to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the opposing party bears the burden of establishing the court's jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

B.   Analysis

1.   Standing

Defendants claim that Plaintiff lacks standing because Plaintiff faces no threat that Defendants will enforce § 1021.11 against him. Opp'n at 5. Defendants have committed to not seek fees against Plaintiff in this case or any related matters, which is what Plaintiff is seeking in the FAC. Id. Defendants claim that their commitment to not enforcing the statute against Plaintiff is unconditional and subject to judicial estoppel, which eliminates the need for Plaintiff's injunction. Id. at 6.

Plaintiff responds that Defendants' stated commitment not to enforce § 1012.11 against him is insufficient to negate standing. Reply at 2. Plaintiff argues that Defendants' commitment is illusory and does not bind the other defendants named in the FAC nor does it protect other prospective challengers to SB No. 1327 and § 1012.11. Id. at 2-3, 10-11. Plaintiff then refers to the

4

1  Supreme Court's holding in New York State Rifle & Pistol Ass'n,
2  Inc. v. City of New York, New York, 206 L. Ed. 2d 798, 140 S. Ct.
3  1525, 1526 (2020) to support his contention that Defendants are
4  abusing their positions as state officials for political ends.
5  Id. at 3-4.  Plaintiff claims that, regardless of Defendants'
6  stated commitment, he and other potential litigants have suffered
7  an injury-in-fact due to the chilling effect of the statute,
8  which deters legal challenges.  Id. at 7-9.  Plaintiff further
9  contends that an injury-in-fact has been established because the
10 statute nullifies 42 U.S.C. § 1988, a federal statutory right.
11 Id. at 10.
12    The Court finds that Plaintiff has failed to establish
13 standing.  To have standing, a plaintiff must show that (1) the
14 plaintiff suffered an injury in fact, i.e., one that is
15 sufficiently "concrete and particularized" and "actual or
16 imminent, not conjectural or hypothetical," (2) the injury is
17 "fairly traceable" to the challenged conduct, and (3) the injury
18 is likely to be "redressed by a favorable decision.  Lujan v.
19 Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).  For the
20 second factor, a plaintiff must allege "a causal connection
21 between the injury and the conduct" at issue; it is insufficient
22 to connect the injury to the independent actions of a third
23 party.  Id. at 560.  When a plaintiff alleges a chilling of their
24 First Amendment rights as an injury in fact, the alleged chilling
25 cannot be based solely on a fear of future injury that is too
26 speculative to confer standing.  Wright v. Serv. Emps. Int'l
27 Union Loc. 503, No. 20-35878, 2022 WL 4295626, at *5 (9th Cir.
28 Sept. 19, 2022).  Further, a plaintiff cannot establish standing

5

1  through the "mere existence of a proscriptive statute nor a
2  generalized threat of prosecution." Thomas v. Anchorage Equal
3  Rts. Comm'n, 220 F.3d 1134, 1139 (9th Cir. 2000). To establish
4  third-party standing, a plaintiff must show that (1) the third-
5  party suffered an injury in fact, (2) the plaintiff and third
6  party have a close relationship, and (3) the third party faces an
7  obstacle that prevents them from pursuing their own claim.
8  Campbell v. Louisiana, 523 U.S. 392, 397 (1998).
9       In this case, Plaintiff has failed to establish that he
10 faces a concrete and particularized injury from the enforcement
11 of § 1012.11 against him. Defendants have stated in their
12 opposition brief that they do not intend to enforce the statute
13 against Plaintiff in the current action or any related action.
14 By assuming this position in a legal proceeding and maintaining
15 that position, Defendants will be subject to judicial estoppel,
16 absent a showing that: (1) Defendants' stated position is clearly
17 inconsistent with an earlier position; (2) Defendants have
18 succeeded in persuading a court to accept an earlier inconsistent
19 position; or (3) Defendants' inconsistent position will "derive
20 an unfair advantage or impose an unfair detriment on the opposing
21 party if not estopped." Bock v. Washington, 33 F.4th 1139, 1145
22 (9th Cir. 2022). Plaintiff has failed to make a showing of any
23 of these factors. In light of this failure, the Court finds that
24 Defendants are estopped from enforcing § 1021.11 against
25 Plaintiff in this action and related actions, and that Plaintiff
26 has failed to demonstrate an injury-in-fact on this ground.
27 Plaintiff's claim of a chilling effect must also fail because the
28 threat of future injury from the enforcement of the statute

6

1  against him is non-existent.  Plaintiff's contention that
2  Defendants' commitment does not bind the other parties in the FAC
3  is immaterial because Plaintiff narrowed the scope of his
4  injunction to address only Defendants Newsom and Bonta; the
5  speculative, independent actions of third parties not named as
6  parties in this action are insufficient to establish the
7  requisite "causal connection between the injury and the conduct"
8  at issue.  Lujan, 504 U.S. at 560.  Plaintiff further fails to
9  establish any of the requisite elements for third-party standing
10 on behalf of other potential litigants.  As for Plaintiff's
11 argument concerning the abrogation of 42 U.S.C. 1988, the Court
12 declines to consider it pursuant to Ninth Circuit precedent
13 against the consideration of new arguments or issues raised for
14 the first time in a reply brief.  Brown v. Takeuchi Mfg. Co.
15 (U.S.), No. 221CV00392JAMDMC, 2022 WL 1204713, at *4 (E.D. Cal.
16 Apr. 22, 2022) (citing Cedano-Viera v. Ashcroft, 324 F.3d 1062,
17 1066 n.5 (9th Cir.2003)); see also State of Nev. v. Watkins, 914
18 F.2d 1545, 1560 (9th Cir.1990).
19      2.   Remaining Issues
20    The Court does not reach the parties' remaining issues,
21 because the first issue of standing is dispositive.
22
23               III.  SANCTIONS
24    This Court issued its Order re Filing Requirements ("Filing
25 Order") on August 4, 2022.  ECF No. 11-2.  The Filing Order
26 limits reply memoranda to ten pages.  Filing Order at 1.  The
27 Filing Order also states that an attorney who exceeds the page
28 limit must pay monetary sanctions of $50 per page.  Id.

7

Plaintiff exceeded the Court's 10-page limit on reply memoranda by four pages. See Reply. The Court therefore ORDERS Plaintiff's counsel to pay $200.00 to the Clerk for the Eastern District of California no later than seven days from the date of this Order.

## IV. ORDER

For the reasons set forth above, the Court DENIES Plaintiff's motion for preliminary injunction.

IT IS SO ORDERED.

Dated: December 8, 2022

_____
JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE

# EXHIBIT B

| | |
|---|---|
| 1 | Roderick M. Thompson (State Bar No. 96192) |
|  | rthompson@fbm.com |
| 2 | James Allison (State Bar No. 319204) |
|  | jallison@fbm.com |
| 3 | Farella Braun + Martel LLP |
|  | 235 Montgomery Street, 17th Floor |
| 4 | San Francisco, California 94104 |
|  | Telephone: (415) 954-4400 |
| 5 | Facsimile: (415) 954-4480 |
| 6 | Hannah Shearer (State Bar No. 292710) |
|  | hshearer@giffords.org |
| 7 | Hannah Friedman (State Bar No. 324771) |
|  | hfriedman@giffords.org |
| 8 | Giffords Law Center to Prevent Gun Violence |
|  | 268 Bush Street #555 |
| 9 | San Francisco, California 94104 |
|  | Telephone: (415) 433-2062 |
| 10 | Facsimile: (415) 433-3357 |
| 11 | Attorneys for CITY OF MORGAN HILL, |
|  | MORGAN HILL CHIEF OF POLICE DAVID |
| 12 | SWING, MORGAN HILL CITY CLERK IRMA |
|  | TORREZ |

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA, DOWNTOWN COURTHOUSE

| | |
|---|---|
| G. MITCHELL KIRK; and CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED,<br><br>Plaintiffs and Petitioners,<br><br>vs.<br><br>CITY OF MORGAN HILL; MORGAN HILL CHIEF OF POLICE DAVID SWING, in his official capacity; MORGAN HILL CITY CLERK IRMA TORREZ, in her official capacity; and DOES 1-10,,<br><br>Defendants and Respondents. | Case No. 19CV346360<br><br>**NOTICE OF APPEARANCE OF COUNSEL**<br><br>Action Filed:          April 15, 2019 |

Defendants and Respondents CITY OF MORGAN HILL, MORGAN HILL CHIEF OF POLICE DAVID SWING, MORGAN HILL CITY CLERK IRMA TORREZ hereby notify the Court that Roderick M. Thompson and James Allison of the firm Farella, Braun + Martel, LLP, 235 Montgomery Street, 17th Floor, San Francisco, CA 94104 (415) 954-4400,

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

36713\12467502.1

NOTICE OF APPEARANCE OF COUNSEL - Case No. 19CV346360
**15**

1  rthompsom@fbm.com and jallison@fbm.com and Hannah Shearer and Hannah Friedman of the
2  firm Giffords Law Center to Prevent Gun Violence, 268 Bush Street, Suite 555, San Francisco,
3  CA  94104, (415) 433-2062, hshearer@giffords.org and hfriedman@giffords.org have entered this
4  action as counsel to be noticed on their behalf.  In connection with this notice, we request that all
5  future pleadings and other papers filed be served on them at the above address and contact
6  information.

7  Dated:  May 21, 2019                          FARELLA BRAUN + MARTEL LLP

                                                By: _____ for
                                                    Roderick M. Thompson

                                                Attorneys for CITY OF MORGAN HILL, MORGAN
                                                HILL CHIEF OF POLICE DAVID SWING, MORGAN
                                                HILL CITY CLERK IRMA TORREZ

13 Dated:  May 21, 2019                          GIFFORDS LAW CENTER TO PREVENT GUN
                                                VIOLENCE

                                                By: _____
                                                    Hannah Shearer

                                                Attorneys for CITY OF MORGAN HILL, MORGAN
                                                HILL CHIEF OF POLICE DAVID SWING, MORGAN
                                                HILL CITY CLERK IRMA TORREZ

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

2                                                                                36713\12467502.1
NOTICE OF APPEARANCE OF COUNSEL - Case No. 19CV346360
16

# PROOF OF SERVICE

**Kirk v. City of Morgan Hill**
Case No. 19CV346360

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is 235 Montgomery Street, 17th Floor, San Francisco, CA 94104.

On May 21, 2019, I served true copies of the following document(s) described as **NOTICE OF APPEARANCE OF COUNSEL** on the interested parties in this action as follows:

C.D. Michel, Esq.
Anna M. Barvir, Esq.
Tiffany D. Cheuvront, Esq.
MICHEL & ASSOCIATES, P.C.
180 Est Ocean Blvd., Suite 200
Long Beach, CA 90802
Tel: (562) 216-4444
Fax: (562) 216-4445
cmichel@michellawyers.com

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Farella Braun + Martel LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 21, 2019, at San Francisco, California.

*/s/ Pamela Woodfin*
Pamela Woodfin

36713\12467784.1

**17**

# CERTIFICATE OF SERVICE
## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

Case Name: *South Bay Rod & Gun Club, Inc. v. Bonta*
Case No.: 3:22-cv-01461-RBM-WVG

IT IS HEREBY CERTIFIED THAT:

 I, the undersigned, declare under penalty of perjury that I am a citizen of the United States over 18 years of age. My business address is 180 East Ocean Boulevard, Suite 200 Long Beach, CA 90802. I am not a party to the above-entitled action.

 I have caused service of the following documents, described as:

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFFS' REPLY TO DEFENDANT BONTA'S SUPPLEMENTAL BRIEF**

on the following parties by electronically filing the foregoing on December 13, 2022 with the Clerk of the District Court using its ECF System, which electronically notifies them.

| | |
|---|---|
| Elizabeth Watson<br>Elizabeth.Watson@doj.ca.gov<br>Ryan Richard Davis<br>Ryan.Davis@doj.ca.gov<br>1300 I Street, Suite 125<br>Sacramento, CA 95814 | Bradley A. Benbrook<br>Stephen M. Duvernay<br>Benbrook Law Group, PC<br>701 University Avenue, Suite 106<br>Sacramento, CA 95825<br>brad@benbrooklawgroup.com |
| David H. Thompson<br>Peter A. Patterson<br>Joseph O. Masterman<br>Cooper & Kirk, PLLC<br>1523 Hampshire Avenue, NW<br>Washington, DC 20036<br>dthompson@cooperkirk.com | Robin B. Johansen<br>Thomas A. Willis<br>Kristen Mah Rogers<br>Inez Kaminski<br>Olson Remcho, LLP<br>1901 Harrison Street, Suite 1550<br>Oakland, CA 94612<br>twillis@olsonremcho.com |

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 13, 2022, at Long Beach, CA.

                                      */s/Christina Castron*
                                      CHRISTINA CASTRON

CERTIFICATE OF SERVICE